JOURNAL ENTRY AND OPINION
{¶ 1} Bennie Benjamin appeals the denial of his motion to withdraw his guilty plea on one count of Rape and one count of Felonious Assault, and claims the evidence is insufficient to find him a sexual predator. We affirm.
 {¶ 2} The record reveals that in April 2003, police were called to Benjamin's residence in response to allegations by his live-in girlfriend, Deleisha Bell. Bell claimed that when she tried to leave the couple's apartment following an argument, Benjamin became angry. He grabbed her, placed her in a choke hold, and proceeded to burn her three times on the face with a cigarette. She then claimed that Benjamin told her that she could leave only if she performed oral sex. Fearing he would otherwise harm her or kill her, Bell complied. He then demanded additional sexual acts and digitally penetrated her before ultimately telling her that she could leave. Bell immediately left the apartment, and she walked across the street to a pay phone and called the police.
 {¶ 3} Benjamin was indicted in June 2003 on two counts of rape, in violation of R.C. 2907.02, each with sexually violent predator specifications, in violation of R.C. 2971.01(I); one count of kidnapping, in violation of R.C. 2905.01, with a sexual motivation specification, in violation of R.C. 2941.147; and two counts of felonious assault, in violation of R.C. 2930.11.
 {¶ 4} Following an extradition to California, and after serving time there, Benjamin was extradited to Ohio, where he then waived his right to a speedy trial. In May 2004, Benjamin pled guilty to one count of rape and one count of felonious assault; all other charges were dismissed. The matter was continued for a presentence investigation and a sexual predator determination hearing.
 {¶ 5} In June 2004, a sexual predator hearing was held, at which time Benjamin orally moved to withdraw his guilty plea and requested new counsel. Following a recess to review the requests, the court summarily denied both motions and continued the sexual predator hearing until the following month.
 {¶ 6} In July 2004, and following a full hearing, the court found Benjamin to be a sexual predator and sentenced him to an eight-year term on the rape charge and three years on the felonious assault charge, with the sentences to run concurrent. Benjamin appeals from this order in the assignments of error set forth in the appendix to this opinion.
 I. Motion to Withdraw Guilty Plea {¶ 7} In his first assignment of error, Benjamin claims the court erred in refusing to let him withdraw his guilty plea prior to sentencing.
 {¶ 8} Under Crim.R. 32.1,
"A motion to withdraw a plea of guilty or no contest may be made onlybefore sentence is imposed, but to correct manifest injustice the courtafter sentence may set aside the judgment of conviction and permit thedefendant to withdraw his plea."
 {¶ 9} Although a presentence motion to withdraw a guilty plea should be freely and liberally granted, it is well established that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." State v.Xie (1992), 62 Ohio St.3d 521, at paragraphs one and two of the syllabus. A mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing. See State v. Taylor
(Jun. 16, 2000), Washington App. No. 99 CA1, State v.Inglesias-Rodriquez (Mar. 16, 2000), Cuyahoga App. No. 76028.
 {¶ 10} Absent an abuse of discretion, the judge's decision must be affirmed. State v. Xie (1992), 62 Ohio St.3d at 527. It is not an abuse of discretion to deny a motion to withdraw a guilty plea:
"(1) where the accused is represented by highly competent counsel, (2)where the accused was offered a full hearing, pursuant to Crim.R. 11,before he entered the plea, (3) when, after the motion to withdraw isfiled, the accused is given a complete and impartial hearing on themotion, and (4) where the record reveals that the court gave full andfair consideration to the plea withdrawal request." State v. Peterseim(1980), 68 Ohio App.2d 211, at paragraph three of the syllabus.
 {¶ 11} Since Benjamin claims error only in the denial of his motion to withdraw his plea and does not claim error in the court's denial of his motion to disqualify counsel, our review is limited to the preliminary matter.
 {¶ 12} Before accepting Benjamin's plea, the court reviewed his right to plead not guilty and try the case to the jury. Tr. at 14. The court also reviewed the right to confront witnesses, subpoena witnesses on his behalf, and outlined the State's obligation of proof beyond a reasonable doubt. Tr. at 14-15. The following were additionally outlined: possible sentence, early release, any applicable fines, and the degree of the felonies. Tr. at 16. Benjamin indicated that he was making his plea without any threats or promises, and that he was satisfied with his attorney. Tr. at 10. He also indicated that he was aware of the implications of his plea, that he would be subject to a sexual predator determination hearing and any additional registry requirements. Nonetheless, Benjamin entered a guilty plea. Tr. at 17-18. The court then accepted the plea as freely and voluntarily given. Tr. at 19.
 {¶ 13} In June 2004, and prior to the commencement of his sentencing hearing, Benjamin presented the court with two written motions that he had not properly filed, the first seeking to withdraw his guilty plea and the second seeking new counsel. Although both motions were not filed with the court, the court treated the request as an oral motion, took a recess to review the motions, and returned to conduct a full hearing on the record.
 {¶ 14} At the hearing, the prosecutor reviewed the circumstances surrounding Benjamin's indictment and subsequent plea. Tr. at 25-32. Benjamin then referred to several of his past sentences and admitted that his prior conviction for kidnapping and battery was because "The part with the girlfriend, yeah, I made some bad choices, I did some drugs." Tr. at 32. As it related to other charges of gross sexual imposition and patient abuse of a mentally retarded female patient while employed as a nurse's aide, he then denied any contact with her, although admits that he pleaded guilty to charges stemming from that incident. Tr. at 32-33.
 {¶ 15} With regard to the current victim, Ms. Bell, Benjamin claimed that he was under extreme mental duress when he originally made the plea, and he cited to bad advice given to him by his attorney and the desire to plead for the victim's benefit, although he did not elaborate on that claim. Tr. at 33-34. Benjamin does not claim on appeal that his lawyer was incompetent, nor does he claim that his plea was not knowing, intelligent, or voluntary when made. Moreover, he does not claim that the court's hearing following his oral motion was deficient or that the judge failed to consider his request. After hearing both the prosecutor and Benjamin's rationale regarding the motions, the court found that Benjamin alleged no misunderstanding of the plea or any indication that there was a lack of quality of the plea. Tr. at 35.
 {¶ 16} Based on the court's full compliance of the standard as set forth in State v. Xie, supra, we find that Benjamin produced no evidence of a "reasonable and legitimate basis for the withdrawal of the plea," and the denial of his motion was not an abuse of discretion. State v.Xie, supra, at paragraph one of syllabus.
 {¶ 17} This assignment of error lacks merit.
 II. Sexual Predator Determination {¶ 18} In his second assignment of error, Benjamin claims that the evidence was insufficient to find him a sexual predator.
 {¶ 19} A trial court may find that an individual is a sexual predator only if clear and convincing evidence shows that the individual has been convicted of a sexually oriented offense and is likely to re-offend.State v. Krueger (December 19, 2000) Cuyahoga App. No. 76624, citing R.C. 2950.01(E), 2950.09(B)(3). Further, "clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, at paragraph three of the syllabus.
 {¶ 20} In determining whether an offender is a sexual predator, the court shall consider all relevant factors to determine whether such evidence is sufficient to support the finding that the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(2). These factors include, but are not limited to: the offender's age and prior criminal record, the age of the victim, whether the sex offense involves multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender completed a sentence for any conviction, whether the offender participated in any available program for sex offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 21} The Supreme Court has held that the trial court "should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247.
 {¶ 22} Prior to the sexual predator determination hearing, Benjamin was examined by Dr. Michael Arnoff. Dr. Arnoff prepared a sexual predator evaluation that included a clinical interview with Benjamin, utilization of the Static-99 examination, Cuyahoga county jail records, competency and sanity reports, a mentally disordered offender assessment, and various medical records for past treatments and illnesses.
 {¶ 23} Dr. Arnoff reiterated Benjamin's lengthy criminal history beginning with a 1980 arrest for carrying a concealed weapon. In addition to this first charge, and as cited by the trial court, Benjamin's history also includes: a February 1993 arrest for inflicting corporal abuse on a spouse, in which he was found guilty; a September 1993 arrest for kidnapping; threats and battery; a May 1996 arrest for sexual battery and attempted abduction, where he was sentenced to one year in prison; a July 1996 conviction on charges of gross sexual imposition and patient abuse for abusing a severely mentally retarded woman while employed at the patient's facility, acts for which he was sentenced to a year and a half in prison; and a September 2000 arrest for domestic violence.
 {¶ 24} Coupled with a lengthy criminal history, Benjamin has also been diagnosed with the following: major depressive disorder, schizoaffective disorder, bipolar disorder, borderline paranoid, narcissistic, schizoid, schizotypal personality disorders, psychotic disorder, impulse control disorder, adjustment disorder with depressed mood, explosive personality and dissociative hysteria. Benjamin was additionally given the Static-99 test to evaluate his rates of recidivism. The Static-99 is an actuarial instrument designed to estimate the probability of sexual recidivism among adult males convicted of at least one sexual offense. The factors are historical in nature and cannot be changed by intervention. Benjamin scored a "6" on this test, which placed him in the "high" risk category for re-offending. His score indicated he had a 30% chance of re-offending in five years, a 45% chance of re-offending in ten years, and a 52% chance of re-offending in fifteen years.
 {¶ 25} Benjamin denies that he committed the acts and claims that the victim is bipolar. He admits pushing her to make her leave the apartment, but he denies that he tried to rape her. As it relates to his prior offense involving sexual battery and attempted abduction, while not denying his actions, Benjamin offered the explanation that he was high on crack cocaine and that when he "came down" from his high he wanted sex and his partner did not. With regard to the 1996 gross sexual imposition and patient abuse offenses with a twenty-year-old mentally retarded female patient at a facility where he was hired as a nurse's aide, Benjamin maintained that "nothing happened," although he was sentenced to one and a half years in prison.
 {¶ 26} Having all this information before it, and before making a sexual predator determination, the trial court read through each of the factors as outlined in R.C. 2950.09 and stated what evidence, if any, related to each factor. The court noted Benjamin's eight prior convictions, three of which were for felonies, his psychiatric history, and specifically noted that his current conduct involved cruelty, citing to the victim's cigarette burn.
 {¶ 27} Based on the evidence presented and the court's full review and enunciation of each applicable factor, we find that the evidence was clear and convincing, and sufficient to prove that Benjamin was likely to engage in one or more sexually oriented offenses, and was properly labeled as a sexual predator.
 {¶ 28} The ruling of the trial court is affirmed.
APPENDIX A:
 ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO WITHDRAW HISGUILTY PLEAS PRIOR TO SENTENCING.
 II. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY"CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT `IS LIKELY TO ENGAGE INTHE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.'
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., and Corrigan, J., concur