OPINION
{¶ 1} Joseph R. Fears, Jr., defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which he was found to be a sexual predator.
 {¶ 2} On September 15, 1983, appellant was indicted on two counts of rape with regard to Connie Dennis, and one count of rape and aggravated robbery with regard to Brenda Ridgeway. The incidents took place nine days apart. On February 10, 1984, a jury found appellant guilty of one count of rape with regard to Dennis. On June 12, 1984, another jury found appellant guilty of aggravated robbery and rape with regard to Ridgeway. Appellant was sentenced to a total term of incarceration of 30 to 75 years and remains incarcerated.
 {¶ 3} On September 1, 2004, a sexual predator hearing was held at which Dr. Chris Khellaf, who testified on behalf of the state, was the sole witness. At the conclusion of the hearing, the trial court found appellant to be a sexual predator pursuant to R.C. 2950.09(C). The court filed its judgment on September 2, 2004. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The trial court erred in finding Appellant to be a sexual predator.
 {¶ 4} Appellant argues in his assignment of error that the trial court's finding that he is a sexual predator was not supported by sufficient evidence. A trial court may find that an individual is a sexual predator only if the individual has been convicted of a sexually oriented offense and is found to be likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E); 2950.09(B)(3). Because rape is considered a sexually oriented offense, the issue in the present case becomes whether the state proved, by clear and convincing evidence, that appellant is likely to engage in future sexually oriented offenses. Clear and convincing evidence is that measure or degree of proof that is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Further, in reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins (1997), 78 Ohio St.3d 380,386. Review is limited to whether there is sufficient, probative evidence to support the trial court's determination; that is, whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator. Id. at 390; State v. Overcash
(1999), 133 Ohio App.3d 90, 94.
 {¶ 5} In determining whether an offender is a sexual predator, the court must consider all relevant factors to determine whether such evidence is sufficient to support the finding that the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(3). These factors include, but are not limited to: (a) the offender's age; (b) the offender's prior criminal record for all types of offenses; (c) the age of the victim; (d) whether the sex offense involves multiple victims; (e) whether the offender used drugs or alcohol to impair the victim of the sex offense; (f) whether the offender completed a sentence for any conviction or participated in any available program for sex offenders; (g) any mental disease or disability of the offender; (h) the nature of the conduct, contact, or interaction with the victim and whether the offender engaged in a pattern of abuse with the victim; (i) whether the offender displayed cruelty toward the victim; and (j) any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 6} The Ohio Supreme Court has held that the trial court should consider the statutory factors listed in R.C. 2950.09(B)(3) and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Eppinger (2001), 91 Ohio St.3d 158, 166 (discussing former R.C. 2950.09[B][2]). No requisite number of these factors must apply before an offender is found to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184; State v. Degroat (Sept. 6, 2001), Franklin App. No. 00AP-1485. Even one or two factors are sufficient as long as the evidence of likely recidivism is clear and convincing. State v. Hardie (2001),141 Ohio App.3d 1, 5.
 {¶ 7} Appellant argues that many of the factors in R.C. 2950.09(B)(3) were not present in the current case, and the facts support a finding that he is not a sexual predator. We disagree. With regard to R.C.2950.09(B)(3)(a), the trial court found that appellant was 54 years old but made no explicit finding as to how his age affected his risk of re-offending. Appellant argues that, because he was 54 years old at the time of the hearing and would be relatively old at the time of his release, he would be statistically beyond the age that an offender poses a high risk of re-offending and committing this type of crime. We find appellant's arguments unpersuasive. Importantly, appellant failed to present any evidence at the hearing as to the statistical probability of offenders his age re-offending or that his own particular probability is particularly low. Although it is true that courts have recognized that sex offenders generally become less likely to re-offend as they age, Statev. Thomas, Greene App. No. 2004-CA-73, 2005-Ohio-1596, at ¶ 58, anecdotal evidence in the form of case law would suggest that offenders in this category maintain a risk of re-offending. Without some evidence regarding appellant's particular attributes, history, and circumstances, and how they relate to his age, we find this general principle of little help. See State v. Marshall, Montgomery App. No. 19239, 2002-Ohio-5131 (without a relevant connection to the particular case and the characteristics and age of the particular defendant, the statement that an offender is less likely to re-offend as he ages is virtually meaningless). Regardless, given the other considerations set forth herein, the fact that appellant is 54 years old is not so overwhelming as to tip the evidentiary scale in favor of a finding that appellant is not likely to commit another sexually oriented offense.
 {¶ 8} Further, appellant points out that he did not commit the current offenses until he was 34 years old and had no prior sexually related offenses until this relatively late age. Although appellant would desire the court to view the fact that he did not commit any sexual offenses until he was 34 years old in his favor, we have before rejected such an argument and found that an offender who is in his early 30s at the time of the offense should have reached a maturity level to know the wrongfulness of his conduct. See State v. Hill, Franklin App. No. 01AP-1237, 2002-Ohio-2882. Therefore, we find appellant's contention in this respect unconvincing.
 {¶ 9} With regard to R.C. 2950.09(B)(3)(b), the trial court found that appellant had multiple prior offenses, although not sex-related offenses. In determining an offender's propensity to commit future sex offenses, past behavior is relevant to future propensity to commit crimes because past behavior is often an indicator of future violent tendencies. Statev. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, citing Statev. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600. In the present case, there was evidence presented that appellant was convicted of receiving stolen property in 1968, breaking and entering in 1968, breaking and entering in 1973, and petit theft in 1981. Prior convictions for these types of crimes have been found to support a finding that an offender is likely to re-offend. See, e.g., State v. Calaway (May 26, 2000), Lucas App. No. L-99-1119 (convictions for breaking and entering and receiving stolen property support sexual predator determination);State v. Martin (July 24, 1998), Hamilton App. No. C-970936 (convictions for receiving stolen property, breaking and entering, and theft support sexual predator determination). While appellant in the current case has no prior convictions of a sexual nature, his past criminal conduct indicates a clear disregard for the law and supports a finding that appellant is likely to re-offend. See State v. Rich (Oct. 30, 2001), Pickaway App. No. 00CA46 (past criminal convictions may support sexual predator determination, despite the fact that they were not sexual in nature).
 {¶ 10} With regard to R.C. 2950.09(B)(3)(c), appellant points out that the victims of his sex offenses were not minors. The fact that both of appellant's victims were adults would not weigh in favor of a finding that appellant has a risk of re-offending.
 {¶ 11} With regard to R.C. 2950.09(B)(3)(d), the trial court found that there were two victims of appellant's sexually oriented offenses. Although appellant's offenses occurred at separate times and had separate victims, multiple victims existed for purposes of R.C. 2950.09(B)(3)(d). See, e.g., State v. Green, Lake App. No. 2002-L-107, 2003-Ohio-4601, at ¶ 18; State v. Webb, Lake App. No. 2003-L-078, 2004-Ohio-4198, at ¶ 27, 40. This fact demonstrates appellant has a risk of re-offending.
 {¶ 12} With regard to R.C. 2950.09(B)(3)(e), the trial court found appellant had not impaired the victims via drugs or alcohol, and the record contained no evidence of such. Therefore, this factor would not weigh in favor of a finding that appellant has a risk of reoffending.
 {¶ 13} With regard to R.C. 2950.09(B)(3)(f), Dr. Khellaf testified that appellant had not completed any programs for sexual offenders. Dr. Khellaf also stated that, although appellant mentioned that he wanted to complete a program for sexual offenders, appellant indicated he wanted to do so solely because he was told it was the only way he could get paroled. Further, the trial court found that appellant demonstrated a lack of remorse and continues to deny he committed the crimes. See State v.Kunsman, Lake App. No. 2001-L-073, 2002-Ohio-4700 (lack of remorse a factor in making sexual predator determination); Hill, supra (defendant's continued denial of any involvement in the offenses supports a finding that defendant is a sexual predator). Given appellant's defiant stance, it is unlikely that appellant has any true desire to engage in or would benefit from programs to lessen his chances of committing a sexual offense in the future. See State v. Birt (June 29, 2001), Montgomery App. No. 18593 (offender's refusal to accept responsibility for his crimes limited his ability to benefit from treatment). Accordingly, appellant's failure to complete any programs for sexual offenders weighs in favor of a finding that appellant has a risk of re-offending.
 {¶ 14} With regard to R.C. 2950.09(B)(3)(g), appellant points out he does not suffer from any mental disease or disability. However, the trial court found that, while there was no specific diagnosis of serious mental illness, Dr. Khellaf indicated that appellant had exhibited antisocial behavior. Specifically, Dr. Khellaf testified that appellant met the criteria for a diagnosis of antisocial personality disorder and that there was a substantial likelihood that appellant would engage in similar conduct in the future because personality disorders are lifelong conditions that are not likely to change. Dr. Khellaf explained that, as a result of his antisocial personality disorder, appellant disregards the rights of others and is unable to refrain from violating others' rights. Courts, including this one, have before found that a diagnosis of antisocial personality disorder increases an offender's risk of re-offending. See, e.g., State v. Warman, Franklin App. No. 03AP-216, 2003-Ohio-5035, at ¶ 19-20 (antisocial personality disorder and disregarding others' rights bears upon an offender's future likelihood of committing a sexually oriented offense); State v. Dodson, Franklin App. No. 02AP-141, 2002-Ohio-4771; Birt, supra (factors indicative of an increased risk for re-offending include the offender's poor self-control and antisocial behavior). Therefore, based upon Dr. Khellaf's testimony, appellant's mental condition would weigh in favor of a finding that appellant is likely to re-offend.
 {¶ 15} With regard to R.C. 2950.09(B)(3)(h), appellant argues that he displayed no pattern of sexual misconduct over the period of his lifetime. However, R.C. 2950.09(B)(3)(h) does not indicate that the pattern of sexual misconduct must be apparent over the offender's lifetime. It has been held that the fact the offender raped two women in two separate incidents within a short period was relevant in finding his conduct exhibited a pattern. See State v. Shelton, Cuyahoga App. No. 83289, 2004-Ohio-5484, at ¶ 39. Therefore, that appellant, in the present case, committed two rapes on two separate victims within a nine-day period demonstrates a pattern of sexual abuse and would weigh in favor of a finding that appellant was likely to re-offend.
 {¶ 16} With regard to R.C. 2950.09(B)(3)(i), appellant argues that there was no evidence he displayed cruelty toward the victims beyond the cruelty inherent in the commission of these types of crimes, and there was nothing to distinguish them as being especially cruel. The trial court found appellant's multiple sex offenses demonstrated violent behavior. A review of the facts in one of the underlying cases reveals that appellant pushed one of his victims and caused bruises and cuts consistent with a struggle. See State v. Fears (Oct. 16, 1984), Franklin App. No. 84AP-275. These facts demonstrate cruelty. See State v.Jennings, Summit App. No. 22016, 2004-Ohio-5447 (displayed cruelty to victim in violence of attack, which involved shoving victim to ground and leaving bruises and scratches); State v. Whitson (Apr. 7, 2000), Wood App. No. WD-99-034 (appellant displayed cruelty to the victim by ignoring her pleas for leniency and dragging, pulling, and pushing her, resulting in bruises, scrapes, and scratches). Thus, this factor would tend to weigh in favor of a finding that appellant has a likelihood of reoffending.
 {¶ 17} R.C. 2950.09(B)(3)(j) permits the consideration of any other behavioral characteristics that contribute to the sex offender's conduct. The court cited appellant's disciplinary infractions while incarcerated as support for a finding that appellant would reoffend. Although appellant maintains that the trial court placed too much reliance upon his past record, we find appellant's disciplinary record, while incarcerated, is relevant under subsection (j). Appellant's infractions while incarcerated are certainly demonstrative of his behavioral characteristics. Dr. Khellaf testified that appellant demonstrated aggressive behavior while incarcerated and was prescribed Buspar and Benadryl. He stated that appellant exhibited an excessive history of disciplinary problems that resulted in a steadily increasing level of facility security, and appellant eventually was transferred to a supermaximum prison. Further, this court, as well as others, has found that evidence of infractions committed during imprisonment supports classifying an offender a sexual predator. See Shelton, supra, at ¶ 40;Warman, supra, at ¶ 17, 20 (significant lack of acceptance of rules and authority, as demonstrated by an institutional disciplinary record of over 20 separate rule violations, supports a finding that offender was a sexual predator); State v. Ecklin, Lake App. No. 2001-L-012, 2002-Ohio-6093, at ¶ 30-31 (numerous prison discipline violations demonstrate relevant behavioral conditions). Therefore, we agree with the trial court that these disciplinary issues are relevant to examining appellant's behavioral characteristics, and the trial court did not place undue weight on such.
 {¶ 18} Appellant also argues that the trial court erred in relying too heavily upon the two standardized testing instruments used by Dr. Khellaf, the Minnesota Sex Offender Screening Tool ("MnSOST") and Static-99. The Static-99 is an actuarial instrument designed to estimate the probability of sexual recidivism among adult males convicted of at least one sexual offense. See State v. Benjamin, Cuyahoga App. No. 85071, 2005-Ohio-2322, at ¶ 24. The factors are historical in nature and cannot be changed by intervention. Id. The MnSOST is an actuarial tool developed for measuring the recidivism risk for sexually oriented offending that is standardized on sex offenders being held and/or released from the Minnesota Correctional System. State v. Longnecker,
Washington App. No. 02CA76, 2003-Ohio-6208, at ¶ 11.
 {¶ 19} On both the MnSOST and Static-99, appellant scored high for recidivism. Dr. Khellaf admitted that the reliability of these two instruments is weak when used alone, and he would not base his opinions on just those two instruments. However, Dr. Khellaf stated that he did not rely upon just these two instruments in making his determinations, but also appellant's entire history. The trial court recognized the limitations of the two tests and indicated that Dr. Khellaf's opinion was based on factors other than the tests. Further, although the trial court found that those two tests added to its concern that appellant was likely to re-offend; there is no indication that the trial court gave undue weight to the results of these tests. When used in conjunction with other evidence, these tests have been relied upon by other courts to determine the risk of recidivism in sexual predator hearings. See, e.g., State v.Dooley, Cuyahoga App. No. 84206, 2005-Ohio-628, at ¶ 45 (Static-99 results may be used in conjunction with other evidence); Dodson, supra (Static-99 and MnSOST are probative of offender's risk of sexual recidivism). Indeed, in the present case, the trial court went into specific detail as to the other factors, evidence, and circumstances it found compelling. Therefore, we cannot say that the trial court placed too much reliance upon the two instruments used by Dr. Khellaf.
 {¶ 20} We also note that Dr. Khellaf testified that, even if he had not utilized the MnSOST and Static-99, he would still consider appellant a high risk. Also, Dr. Khellaf testified that, if he removed appellant's disciplinary infractions from consideration under the two instruments, appellant's risk of re-offending would not be as high, but would still at least be moderate. Therefore, even without taking the disciplinary infractions or MnSOST and Static-99 into consideration, there would still be evidence in the record that appellant would be likely to re-offend.
 {¶ 21} After reviewing the evidence and testimony presented at the hearing, we agree there was clear and convincing evidence showing that appellant is likely to engage in the future in one or more sexually oriented offenses. Although some factors in R.C. 2950.09(B)(3) did not exist in the present case, there was sufficient, probative evidence to support the trial court's determination that the other factors weighed in favor of a finding that appellant is likely to engage in sexually oriented offenses in the future. For these reasons, appellant's assignment of error is overruled.
 {¶ 22} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and Sadler, JJ., concur.