[Cite as *State v. Taylor*, 2011-Ohio-2150.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95339**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TEVIN P. TAYLOR

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-531560

**BEFORE:** Celebrezze, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 5, 2011

**ATTORNEY FOR APPELLANT**

Bruce M. Courey
5546 Pearl Road
Parma, Ohio   44129


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Marc D. Bullard
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, Tevin Taylor, appeals the decision of the trial court denying his request to withdraw his guilty plea. After a thorough review of the record and relevant case law, we affirm.

{¶ 2}   On December 10, 2009, appellant was indicted by a Cuyahoga County Grand Jury in a 13-count indictment.  He was charged with four counts of aggravated burglary in violation of R.C. 2911.11(A)(2), felonies of the first degree; four counts of   kidnapping in violation of R.C. 2905.01(A)(2), felonies of the first degree; four counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree; and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree.  In

addition, each count included one- and three-year firearm specifications and a forfeiture of a weapon specification.

{¶ 3} The underlying criminal charges resulted from an incident where appellant was accused of participating in a home invasion wherein males wore masks and brandished guns upon the victims. Further, as part of the incident, it was alleged that appellant held a gun to a victim's head and subsequently discharged the firearm in her proximity.

{¶ 4} Prior to proceeding to trial, the state and appellant reached a plea agreement. The trial court reviewed the plea agreement on the record on May 6, 2010. In particular, the contemplated plea agreement included appellant's plea to amended counts of burglary and robbery, with all four victims listed. Additionally, the burglary and robbery charges each included a three-year firearm specification; however, as part of the plea agreement, the firearm specifications would merge for purposes of sentencing. The trial court advised appellant that if he accepted the plea agreement, the minimum sentence that he would face would be five to 19 years. Further, the court informed appellant that, based on the number of victims, he would probably receive more than the minimum sentence, but that he would not receive the maximum possible sentence. Appellant confirmed his understanding of the plea agreement on the record.

{¶ 5} On May 7, 2010, the trial court held a change of plea hearing. At the hearing, the state advised the court and appellant that there was a pending DNA report that was undergoing peer review, but that the results had been made known to appellant and that a report would be provided to appellant once it became available. The trial court advised appellant that if there was a variation in the results or dissatisfaction with the results of that report, the court would allow appellant to withdraw his plea without penalty.

{¶ 6} Subsequently, the trial court engaged appellant in a thorough Crim.R. 11 colloquy regarding the knowing, voluntary, and intelligent nature of his plea. The trial court instructed appellant on all of his constitutional rights. Appellant repeatedly stated that he understood the rights he was waiving and was prepared to enter a guilty plea. Additionally, the trial court explained the degrees of the offenses and their respective penalties, including the fact that there would be a mandatory period of postrelease control.

{¶ 7} Following this colloquy, appellant withdrew his previously entered plea of not guilty and entered a plea of guilty to the amended indictment, which included amended Count 1, burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, with a three-year firearm specification; and amended Count 2, robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree, with a three-year firearm specification. As part of the plea agreement, the parties agreed that the

firearm specifications would merge for purposes of sentencing. Appellant confirmed that no threats or promises had been made in order to induce his plea. The trial court found that appellant understood his constitutional rights and made a knowing, intelligent, and voluntary waiver and plea. At the conclusion of the plea hearing, the trial court ordered a presentence investigation and set the matter for sentencing.

{¶ 8} On June 7, 2010, a sentencing hearing was held. Prior to the court imposing sentence, appellant made an oral motion to withdraw his plea of guilty to amended Counts 1 and 2. When explaining the basis of his motion to the court, appellant stated, "* * * it was — I basically made my decision — I didn't base my decision correct. I only had a certain amount of time to make that decision from May 6th to May 7th, and I felt I was, like, way pressured to it from listening to how much time I will get and how much time I will not get. And from being under the influence during that, I just — I judged my decision wrong, and I want to take, refuse my plea and take it to trial."

{¶ 9} Appellant further stated, "[d]uring that time, all my evidence — I just now found that out that DNA samples came back, and I felt our side was not prepared on going to trial. And we was supposed to start trial May 19th. * * * And I feel I wasn't — I was not ready — I was incompetent to stand trial at that point."

{¶ 10} In response to this, the following colloquy took place between the trial court and appellant:

{¶ 11} "COURT:   * * * You're using some words that sound like legal terms, but you're using them, with no disrespect to you, incorrectly.   So you said that you felt like you were incompetent.   Do you have any mental health history?

{¶ 12} "APPELLANT:   No, ma'am.

{¶ 13} "COURT:   * * * so you're saying when I went through all these series of questions with you and talked about the range and I said to you has anyone made any threats or promises in order to get you to plead guilty other than what I've stated on the record here today, and you said no, and then I said, whose desire is it to plead guilty at this time, and I read the counts to you and I asked you how you pled, and you said guilty for each of those times, that you're saying today, now, at this moment, you didn't have enough time to think about that?   Or you were thinking about the possibility of being found guilty at the trial and that — you pled guilty as a decision to — knowing that the time was less, basically?

{¶ 14} "APPELLANT:   Yes."

{¶ 15} In explaining what he meant by his statement that he was incompetent to stand trial, appellant stated, "I mean, based — I feel I based my decision off of I was not in my right state of mind at that point in time, off

of just — I was still hearing the time that I might get if I lose trial and what you can give me from in between. * * * I wasn't thinking right."

{¶ 16} Although no formal motion was made, the court agreed to hold a hearing to determine whether appellant's request to withdraw his plea had merit. In addressing the issue, the trial court applied the standards of *State v. Weakley*, Cuyahoga App. No. 93282, 2010-Ohio-2464. After hearing the basis of appellant's motion and applying the standards derived from *Weakley*, the trial court denied appellant's motion to withdraw, stating that appellant was represented by competent counsel, was afforded a full hearing pursuant to Crim.R. 11 before entering the plea, was given a complete hearing on the motion to withdraw, and was given full and fair consideration of the request to withdraw his plea.

{¶ 17} Thereafter, the trial court proceeded to sentencing. Appellant was sentenced to a term of incarceration for a period of three years on the firearm specifications, seven years on the burglary count, and five years on the robbery count. The counts were to run consecutively for a total term of incarceration of 15 years.

{¶ 18} Appellant now raises two assignments of error for review.

**Law and Analysis**

**Motion to Withdraw Plea**

**{¶ 19}** In his first assignment of error, appellant argues that the trial court abused its discretion and committed reversible error by denying his presence motion to withdraw his plea of guilty. We disagree.

**{¶ 20}** Crim.R. 32.1 governs motions to withdraw guilty pleas and states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." Although "presentence motions to withdraw guilty pleas should be freely granted, a defendant 'does not have an absolute right to withdraw a plea prior to sentencing.'" *State v. McGregor*, Cuyahoga App. No. 86165, 2005-Ohio-5561, ¶3, quoting *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. "Instead, the trial court 'must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.'" Id. A mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing. *State v. Benjamin*, Cuyahoga App. No. 85071, 2005-Ohio-2322, ¶9.

**{¶ 21}** The decision of a trial court to grant or deny a motion to withdraw a guilty plea is reviewed using an abuse of discretion standard. *State v. Van Dyke*, Lorain App. No. 02CA008204, 2003-Ohio-4788, ¶7, citing *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph two of the syllabus. To constitute an abuse of discretion, it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 22} In determining whether the trial court abused its discretion by denying the appellant's motion to withdraw a plea, we consider the following factors: (1) whether the accused was represented by highly competent counsel; (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused was given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Weakley* at ¶12, citing *Peterseim* at paragraph three of the syllabus.

{¶ 23} The first element in *Weakley* requires that highly competent counsel represented the defendant. Appellant argues that his attorney should have requested a continuance from his May 7, 2010 plea hearing in order to obtain lab reports relating to the state's DNA evidence. Further, appellant contends that he was not represented by competent counsel and that he pled guilty based on his belief that his attorney was not prepared to go to trial.

{¶ 24} At the May 7, 2010 plea hearing, there were discussions of a DNA report being prepared by the Bureau of Criminal Identification and Investigation. As of the date of the plea agreement, the DNA results indicated that the items submitted for testing were unable to identify

appellant; however, they were also unable to exclude him.[1]   The record indicates that appellant's counsel was aware of those results and advised appellant of those results prior to his plea.   Although a physical copy of the DNA lab report was not released to appellant at the time he entered his plea because it was still under peer review, there is no indication that the peer review report contained results contrary to the results appellant was advised of prior to his plea.   If a variance in the report existed, appellant's counsel would have been able to request a withdrawal of plea, as instructed by the court.

{¶ 25} Further, appellant's counsel routinely met with appellant and fully advised him of all of his rights and the possible penalties associated with his guilty plea.   The record indicates that appellant's counsel specifically stated on the record that he was prepared to proceed with a trial, and we find no evidence to suggest otherwise.   Accordingly, we find that appellant's counsel was more than competent as it related to his assistance of appellant in this case.

{¶ 26} We also find that the trial court complied with *Weakley's* second element. The record demonstrates that the court conducted a full hearing pursuant to Crim.R. 11 before accepting appellant's plea.

---

[1] DNA testing was conducted on two guns and the interior of a mask left at the crime scene.

**{¶ 27}** Pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea unless it (1) determines that the defendant is voluntarily entering the plea and understands the nature of the charges and the maximum penalty he faces, (2) informs the defendant of the effect of accepting the plea and that the court may proceed with judgment and sentencing once it is accepted, and (3) informs the defendant that he is waiving his constitutional right to a jury trial, confrontation of witnesses, compulsory process, and the state's burden of proof beyond a reasonable doubt. Id. at ¶27.

**{¶ 28}** Appellant argues that he did not enter his plea knowingly, intelligently, and voluntarily because the trial court failed to inform him during the plea colloquy that his sentence included a mandatory term of postrelease control. We find no merit to appellant's assertion. In addition to explaining the potential minimum and maximum penalties associated with appellant's plea and addressing each of appellant's constitutional and nonconstitutional rights, the trial court clearly informed appellant that he would be subject to a mandatory term of postrelease control. Addressing the issue of postrelease control, the trial court stated, in pertinent part:

**{¶ 29}** "COURT: I want to advise you as well that when you are released from the penitentiary on this case that you *will* face three years of postrelease control * * * do you understand?

{¶ 30} "APPELLANT: Yes." (Emphasis added.)

{¶ 31} "Will" is mandatory language and is not stated in permissive terms. As such, the trial court adequately advised appellant of the postrelease control pertinent to his plea and afforded him a full Crim.R. 11 hearing.

{¶ 32} Finally, we find that the trial court afforded appellant a full hearing on his motion to withdraw his plea and gave the request full and fair consideration. Although no formal hearing was requested, the trial court adequately considered the merits of appellant's motion to withdraw his plea and carefully outlined the basis for its denial of the motion. Throughout the hearing on his request to withdraw, appellant stated that, at the time he entered his plea, he fully understood the nature of the charges and the minimum and maximum penalties associated with a plea of guilty to those charges.

{¶ 33} There is no evidence to conclude that appellant's motion to withdraw represented anything more than a change of heart. As this court has previously explained, a mere change of heart is an insufficient basis to withdraw a guilty plea. *Benjamin*, supra. Accordingly, the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea.

## Manifest Injustice

**{¶ 34}** In his second assignment of error, appellant argues that in order to correct a manifest injustice, this court must set aside his conviction and permit him to withdraw his guilty plea. We disagree.

**{¶ 35}** Rule 32.1 of the Ohio Rules of Criminal Procedure states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶ 36}** Therefore, when a defendant seeks to withdraw a plea of guilty or no contest after sentencing, he must prove the existence of "manifest injustice." *State v. Peterseim* (1980), 68 Ohio App. 2d 211, 428 N.E.2d 863.

**{¶ 37}** A review of the docket in this case shows that appellant did not make a post-sentence motion to withdraw his plea. As such, the "manifest justice" analysis is irrelevant to our review of the trial court's presentence denial of appellant's request to withdraw his guilty plea. Accordingly, appellant's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR