[Cite as *State v. Taylor*, 2012-Ohio-99.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95339

---

## STATE OF OHIO

DEFENDANT-APPELLEE

vs.

## TEVIN TAYLOR

PLAINTIFF-APPELLANT

---

### JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-531560
Application for Reopening
Motion No. 446220

**RELEASE DATE:** January 11, 2012

**FOR APPELLANT**

Tevin Taylor
Inmate No. A 584-561
Lake Erie Correctional Inst.
501 Thompson Road
Conneaut, OH 44030

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:  Mary McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH 44113

PATRICIA A. BLACKMON, P.J.:

**{¶ 1}**  In *State v. Taylor*, Cuyahoga County Court of Common Pleas Case No. CR-531560, applicant, Tevin Taylor, pled guilty to burglary and robbery, each with three-year firearm and forfeiture specifications.  This court affirmed that judgment in *State v. Taylor*, Cuyahoga App. No. 95339, 2011-Ohio-2150.

**{¶ 2}**  Taylor filed with the clerk of this court a timely application for reopening.  He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that the trial court failed to merge counts which were allied offenses of similar import.  We deny the application for reopening.  As required by App.R. 26(B)(6), the reasons for our denial follow.

**{¶ 3}**  Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Taylor has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."  App.R. 26(B)(5).  In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d

696 (1998), the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Id*. at 25. Applicant cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

{¶ 4} Taylor contends that his convictions for "aggravated robbery" and "aggravated kidnapping" should have been merged as allied offenses of similar import under R.C. 2941.25. Application, 5. "Also the multiple count charges sentences for aggravated burglary and kidnapping." (Citation deleted.) *Id*.

{¶ 5} Taylor's argument is, however, based on the erroneous assumption that he was convicted of aggravated burglary, aggravated robbery and kidnapping. In fact, Taylor "entered a plea of guilty to the amended indictment, which included amended Count 1, burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, with a three-year firearm specification; and amended Count 2, robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree, with a three-year firearm specification. As part of the plea agreement, the parties agreed that the firearm specifications would merge for purposes of sentencing." *State v. Taylor*, 8th Dist. No.

95339, 2011-Ohio-2150, ¶ 7.[1]   Absent some controlling authority that the burglary and robbery in the underlying case are allied offenses of similar import, we must reject Taylor's request for reopening.

{¶ 6}   "The underlying criminal charges resulted from an incident where appellant was accused of participating in a home invasion wherein males wore masks and brandished guns upon the victims.   Further, as part of the incident, it was alleged that appellant held a gun to a victim's head and subsequently discharged the firearm in her proximity."   *Id.*, ¶ 3.

{¶ 7}   Taylor has not provided this court with any controlling authority under which there would have been a "reasonable probability" that he would have been successful on direct appeal if appellate counsel had assigned Taylor's proposed assignment of error regarding allied offenses.   Compare *State v. Smith*, 8th Dist. No. 95243, 2011-Ohio-3051 (rejecting appellant's argument that his convictions for aggravated burglary and aggravated robbery were allied offenses of similar import requiring merger).   "Defendant [Smith] argues that the convictions stemmed from a single event.   However, once defendant entered the apartment with an intent to commit a felony inside, the crime of burglary was complete.   When he proceeded to take property from the various individuals inside, while brandishing a gun, he engaged in the separate crime of robbery. For that reason, these are not allied offenses of similar import and the court did not err by imposing separate sentences for them."   *Id.* ¶ 80.

{¶ 8}   In light of the faulty premise of Taylor's argument as well as the absence of authority supporting his argument for the crimes for which he was convicted, we must conclude that he has not demonstrated a genuine issue that he has a colorable claim of the ineffectiveness

---

[1]The robbery count was actually count 9.

of appellate counsel.  Rather, we must conclude that appellate counsel was not deficient and Taylor was not prejudiced by the absence of an assignment of error that the trial court failed to merge his convictions for burglary and robbery.

**{¶ 9}**  As a consequence, Taylor has not met the standard for reopening.  Accordingly, the application for reopening is denied.

PATRICIA A. BLACKMON, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., AND
KENNETH A. ROCCO, J., CON