[Cite as *State v. Perry*, 2012-Ohio-1354.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97154**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DONNELL PERRY

DEFENDANT-APPELLANT

# JUDGMENT:
# AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-537987, CR-538116, CR-538143, CR-538734, and CR-538735

**BEFORE:**    Sweeney, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**    March 29, 2012

**ATTORNEY FOR APPELLANT**

Thomas A. Rein, Esq.
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Scott Zarzycki, Esq.
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

**{¶1}** Defendant-appellant Donnell Perry ("defendant") appeals the court's denial of his motion to withdraw guilty plea and his sentence of 39 years in prison. After reviewing the facts of the case and pertinent law, we affirm.

**{¶2}** In June 2010, defendant was indicted for 25 criminal offenses in six cases. On November 4, 2010, a plea agreement was reached and the court started, but did not conclude, accepting defendant's guilty plea to eight of the counts. The next day, the court reconvened to continue the change of plea hearing. At that time, defendant requested to withdraw his plea, stating that he wanted copies of various discovery documents, such as witness and victim statements. In considering defendant's request, the court made defendant aware that "[t]he maximum penalty that could be received at trial with all these cases is 188 and a half years," and "[t]he maximum penalty that could be imposed with the plea agreement is 43 and a half years." Defendant stated that he wanted to go to trial.

**{¶3}** Defense counsel requested, and the court ordered, a competency evaluation. On December 20, 2010, defendant was found incompetent to stand trial and ordered to Northcoast Behavioral Health Care for restoration. On March 30, 2011, the court held another hearing and found that defendant had been restored to competency. On June 1, 2011, defendant pled guilty to three counts of burglary and one count each of aggravated burglary, gross sexual imposition, abduction, and carrying a concealed weapon.

**{¶4}** The court held a sentencing hearing on July 15, 2011; however, defendant again requested to withdraw his guilty plea, alleging that while in jail he "stopped receiving some of the medication that he takes for his mental illnesses," and as a result, he "was not thinking clearly at the time of the plea."

**{¶5}** The court noted that the psychological reports regarding defendant's competency restoration concluded that defendant was not mentally ill. Rather, he had a "fractured family history, * * * polysubstance dependence and borderline intellectual functioning." The reports also concluded that defendant was "feigning" any psychotic symptoms and diagnosed defendant with "malingering." Given this, the court denied defendant's motion to withdraw his guilty pleas.

**{¶6}** The court proceeded with sentencing, imposing an aggregate prison term of 39 years for defendant's various convictions, including ongoing probation violations. Immediately after the sentence was announced, defendant became belligerent and was removed from the courtroom. The court reconvened three days later, on July 18, 2011, to finish the sentencing hearing by notifying defendant of sexual offender registration requirements and imposing postrelease control.

**{¶7}** Defendant appeals and raises two assignments of error for our review.

**{¶8}** I. "The trial court erred in not allowing Appellant to withdraw his guilty plea prior to sentencing."

**{¶9}** A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶10}   The general rule is that motions to withdraw guilty pleas before sentencing are to be freely and liberally allowed. *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1979), citing *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978). However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.*

It is not an abuse of discretion to deny a presentence motion to withdraw a guilty plea when a defendant: (1) is represented by competent counsel; (2) is given a full Crim.R. 11 hearing before entering a plea; and (3) is given a hearing on the motion to withdraw that plea during which the court considers the defendant's arguments in support of the motion. [(citation omitted.)] *State v. Bridges*, 8th Dist. No. 87633, 2006-Ohio-6280, ¶5. *See also Peterseim* at 214.

{¶11}   In the instant case, defendant argues that the court erred when it denied his second request to withdraw his plea on July 15, 2011.   In denying defendant's request, the court took into consideration defendant's argument that he did not understand the plea because he was not given his medication.   The court concluded, however, that this was not a legitimate or reasonable basis to withdraw defendant's plea.   The court noted that

defendant's medical records indicated that he had been restored to competency and he had "no evidence of mental illness."

**{¶12}** Our review of the record shows that defendant was represented by competent counsel throughout the proceedings. Additionally, defendant was given two full Crim.R. 11 hearings, during which the court engaged in detailed discussions with defendant about his rights and the charges he faced. The court went to great lengths to ensure that defendant's plea was made knowingly, voluntarily, and intelligently. The court also conducted a hearing on defendant's motion to withdraw his plea and noted that during the plea hearing, the court asked defendant if he understood his rights and the penalties he faced 54 times, and in each instance, defendant replied, "Yes."

**{¶13}** Accordingly, we cannot say that the court abused its discretion in denying defendant's motion to withdraw his guilty pleas under the circumstances of this case. Defendant's first assignment of error is overruled.

**{¶14}** In defendant's second assignment of error, he argues as follows:

**{¶15}** II. "Appellant is entitled to a de novo sentencing hearing as the court did not properly impose a mandatory term or period of postrelease control at the sentencing hearing."

**{¶16}** Pursuant to the Ohio Supreme Court's holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶29, "the new sentencing hearing to which an offender is entitled [for failure to properly include postrelease control] is limited to proper imposition of postrelease control." *See also* R.C. 2929.191.

{¶17}     In the instant case, defendant argues that the court failed to inform him during his sentencing hearing that, upon his release from prison, postrelease control is mandatory.  Our review of the record, however, shows otherwise.  At defendant's second sentencing hearing on July 18, 2011, the court stated the following to defendant: "I would like to further advise you that upon release from prison, you would be placed on post-release control supervision for five years."

{¶18}     The case at hand is similar to *State v. Taylor*, 8th Dist. No. 95339, 2011-Ohio-2150, ¶31, in which this court found that the word "'[w]ill' is mandatory language and is not stated in permissive terms."  In *Taylor*, the court's statement that defendant "will" face postrelease control "clearly informed [the defendant] that he would be subject to a mandatory term of postrelease control."  *Id.* at ¶28.  We find the same analysis applies to the court's use of the word "would" in the instant case.

{¶19}     Accordingly, we find no error in the court's imposition of postrelease control and defendant's second assignment of error is overruled.

{¶20}     Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR