OPINION
{¶ 1} This is an appeal from the judgment of the Auglaize County Common Pleas Court which classified defendant-appellant, James Naugle, a sexual predator.
 {¶ 2} In 1986, Naugle plead guilty to one count of rape and one count of aggravated burglary. Naugle was sentenced to a prison term but was released on parole in 2002. Before being paroled, Naugle attended a Sexual Offender Classification hearing. After hearing the evidence, the trial court took the matter under advisement and in a judgment entry classified Naugle a Sexual Predator. Naugle appealed the classification, and this court reversed the judgment of the trial court finding that the trial court did not adequately discuss the statutory factors it relied on in making its decision. On remand, the trial court made statutory findings in a September 23, 2003, judgment entry which again classified Naugle a sexual predator. Naugle now appeals the September 23, 2003 entry, asserting two assignments of error.
The trial court committed plain error when it did not discusson the record the particular evidence and factors it relied uponin adjudicating James Naugle a sexual predator. R.C. 2950.09(B).
 James Naugle's due process rights were violated when the courtdetermined that he was a sexual predator, in the absence of clearand convincing evidence to support that determination.Fourteenth Amendment, United States Constitution; Section 16, Article I,Ohio Constitution; R.C. 2950.09(B)(3).
 {¶ 3} A "sexual predator" is defined by the Ohio Revised Code as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). The crime of rape is included in the definition of "sexually oriented offenses." R.C. 2950.01(D)(1).
 {¶ 4} In making a sexual predator determination, R.C.2950.09(B)(3) states that the judge shall consider all relevant factors, including, but not limited to, the following applicable factors:
(b) The offender's * * * prior criminal * * * record regardingall offenses, including, but not limited to, all sexualoffenses;
 (f) If the offender * * * previously has been convicted of orplead guilty to * * * a criminal offense, whether the offender * * *completed any sentence * * * imposed for the prior offense oract and, if the prior offense or act was a sex offense or asexually oriented offense, whether the offender * * *participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender* * *;
(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contributeto the offender's * * * conduct."
 {¶ 5} "Rigid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v.Robertson, 147 Ohio App.3d 94, 2002-Ohio-494, ¶ 20. In classifying an offender as a sexual predator, the Revised Code requires the trial court to make this finding only when the evidence is clear and convincing that the offender is a sexual predator. R.C. 2950.09(B)(4). The Supreme Court of Ohio has held that "[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477, citing Merrick v. Ditzler (1915),91 Ohio St. 256. Further, when "the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Cross, supra. Thus, we are required to determine whether the evidence was sufficient for the trial court to classify Naugle as a sexual predator by a clear-and-convincing degree of proof.
 {¶ 6} "Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses."State v. Eppinger (2001), 91 Ohio St.3d 158, 166,2001-Ohio-247. The statutory scheme of R.C. Chapter 2950 provides the trial court with significant discretion in evaluating factors that may be relevant to its recidivism determination. See Statev. Cook (1998), 83 Ohio St.3d 404, 426. However, R.C.2950.09(B)(2) mandates the consideration of certain facts of the underlying offense and any other relevant circumstances or additional behavioral characteristics that contribute to the offender's conduct or otherwise indicate that he is likely to engage in another sexually oriented offense in the future. "Circumstances within the underlying offense are often especially indicative of the * * * offender's likelihood to re-offend sexually, and the weight of such evidence can, without more, support the designation of sexual predator by clear and convincing evidence." Robertson, supra at 99, citing State v.Eaton, Montgomery App. No. 18690, 2001-Ohio-1760.
 {¶ 7} In this case, the trial court relied on a portion of the trial transcript, the sentencing transcript, pre-sentence investigation report, a Psychosexual Assessment, certificates of completion several educational programs and several certificates of appreciation received by Naugle. In its final judgment entry, the trial court noted that Naugle has a significant criminal history spanning nearly three decades and had failed to respond positively to numerous penal sanctions indicating an extremely high likelihood of recidivism. The trial court further found that Naugle displayed cruelty or made one or more threats of cruelty to the victim stating,
The offense consisted of breaking into the victim's home inthe middle of the night and raping her. During the rape thedefendant physically overcame the victim's attempt to resist. Thedefendant also pulled on her pubic hair and slapped her when sheattempted to resist. He further threatened that he would performanal sex on her and force her to perform oral sex if she did notcooperate with him. He further used derogatory sexual slursagainst the victim during the assault.
 {¶ 8} The trial court also found that a Psychosexual Assessment performed by New Horizons Counseling Services dated August 14, 2002 stated that Naugle demonstrates "characteristics of a Power-reassurance Rapist who through forced sexual activity attempt to reassure themselves" and that he "has a serious sex deviance problem and that he showed scoring patterns highly similar to those of known sex offenders." Furthermore, the trial court noted that the assessment stated that Naugle was in the medium-high category of sex offender re-offense risk.
 {¶ 9} The trial court also noted that it had received a letter from New Horizons dated July 3, 2003 which stated that Naugle had "progressed well in the identification of his risk factors, negative thinking errors, and high risk behaviors that were precursors to his sexual offense, and the utilization of his relapse prevention plan." The letter further stated that Naugle was now in the low risk category of the Sex Offender Needs and Assessment Rating.
 {¶ 10} The trial court determined that the August 14, 2002 Psychosexual Assessment, Naugle's prior criminal history and other statutory factors in R.C. 2950.02(B) indicated a high likelihood that the defendant would engage in one or more sexually oriented offenses in the future. A review of the record indicates that the trial court's findings were supported by the record and are sufficient to meet the clear and convincing standard required by R.C. 2950.09(B)(4).
 {¶ 11} Naugle argues that even if the sexual predator classification is supported by the record, the trial court did not make the appropriate findings at the sexual offender classification hearing. Naugle argues that under Sate v.Eppinger, a trial court is required to make the statutory findings at the classification hearing. 91 Ohio St.3d 158,2001-Ohio-247. The Court in Eppinger held that "the trial court should consider the statutory factors listed in R.C.2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id. at 166. However, the Court further stated that they were merely "suggesting standards" for the trial courts to follow in a "model sexual offender classification hearing." Id. at 167. Accordingly, we are unwilling to find reversible error based solely upon the trial court's failure to discuss the statutory factors at a sexual predator hearing, where, as here, the court has thoroughly discussed the requisite factors in a written judgment entry of decision following the hearing. See also State v. Noland,
Washington App. No. 02CA28, 2003-Ohio-1386, reversed on other grounds in State v. Noland, 99 Ohio St.3d 474, 2003-Ohio-4167;State v. Rogers, Van Wert App. No. 15-03-10, 2004-Ohio-531, ¶ 20.
 {¶ 12} To rule otherwise would effectively force the trial court to either announce a decision from the bench at the close of every sexual predator hearing, or to recall the defendant for an additional hearing to essentially read the judgment entry or otherwise personally address the defendant in any case the court chose to take under advisement. Unlike matters of criminal sentencing under Senate Bill 2 and/or matters under Crim. R. 11, we find nothing in Eppinger or Cook, to confer such a duty upon the trial court or such a right upon the defendant at a sexual predator hearing. Based on the foregoing, Naugle's first and second assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Cupp and Bryant, JJ., concur.