OPINION
{¶ 1} Defendant-appellant, Dale R. Druckenmiller, (hereinafter, "appellant"), appeals the judgment of the Common Pleas Court of Crawford County classifying appellant as a sexual predator pursuant to R.C. 2950.09(C).
 {¶ 2} The instant matter originates from a 1989 kidnapping committed by appellant. While the entire facts of the 1989 kidnapping are not before this court, the record is clear that appellant accosted a fourteen (14) year-old girl at knife point and forced the victim into an alleyway. Fortunately for the victim, a sanitation truck drove into the alley at nearly the same time and two sanitation workers came to the aid of the victim. Appellant let the victim go and fled from the scene.
 {¶ 3} Following a police investigation, which included positive identifications made by the victim and other witnesses, appellant was arrested and charged with Kidnapping, in violation of R.C. 2905.01, a felony of the first degree. Following a jury trial on the matter, appellant was found guilty and on July 17, 1989, was sentenced to an indefinite term of ten (10) to twenty-five (25) years in prison. Appellant remains incarcerated and is currently serving out his sentence for the 1989 kidnapping conviction.
 {¶ 4} On January 5, 2004, the trial court, pursuant to R.C.2950.09(C) et. seq.,[1] held a sexual predator classification hearing. Following the hearing, the trial court, by judgment entry journalized on January 20, 2004, classified appellant as a "sexual predator" and ordered that, if and when released from prison, appellant was required to register with the Crawford County Sheriff's Office as a "sexual predator." See R.C.2950.04.
 {¶ 5} It is from this judgment that appellant now appeals and sets forth one assignment of error for our review.[2]
 ASIGNMENT OF ERROR NO. I The trial court erred when it found the appellant to be asexual predator pursuant to ORC Section 2950.09.
 {¶ 6} R.C. 2950.01(E) defines a "sexual predator" as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." However, before being able to adjudicate an offender as a "sexual predator," a trial court must first conduct a sexual predator hearing in the manner described in R.C. 2950.09(B)(1). See R.C. 2950.09(C)(2)(c). In deciding an offender's likelihood of recidivism, the trial court is required to consider the factors specified in R.C.2950.09(B)(2) and (B)(3). Id.; see also State v. Rogers, 3d Dist. No. 15-03-10, 2004-Ohio-531, at ¶ 11, citing State v.Thompson (2001), 92 Ohio St.3d 584.
 {¶ 7} R.C. 2950.09(B)(3)(a) through (j), as relevant to this case, specifically provide that the judge shall consider all relevant factors, including, but not limited to, the following: (a) the offender's age; (b) the offender's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed; (f) if the offender has been convicted of or pleaded guilty to a criminal offense, and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, and whether the sexual conduct was part of a demonstrated pattern of abuse; (i) whether the offender displayed cruelty or made threats during the commission of the sexually oriented offense; (j) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 8} After the trial court reviews the testimony and evidence presented at the sexual predator hearing (R.C.2950.09(B)(2)) and considers the factors specified in R.C.2950.09 (B)(3), it "shall determine by clear and convincing evidence whether the offender is a sexual predator." See R.C.2950.09(C)(2)(c). Accordingly, we must examine the record to determine whether there was sufficient evidence before the trial court to classify appellant as a sexual predator by a clear and convincing degree of proof. See Cross v. Ledford (1954),161 Ohio St. 469, 477. Clear and convincing evidence has been defined as the measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. Id., citation omitted.
 {¶ 9} In order to fully ensure compliance with the aforementioned principals of law and fairness in sexual predator hearings, the Ohio State Supreme Court, in State v. Eppinger
(2001), 91 Ohio St.3d 158, adopted a model procedure for sexual offender classification hearings. The model procedure provided byEppinger delineates three ultimate objectives present in every sexual predator hearing, and are as follows: (1) it is critical that a record be created for review; (2) an expert may be required to assist the trial court in determining whether the offender is likely to engage in the future in a sexually oriented offense[s]; (3) the trial court should consider the statutory factors listed in R.C. 2950.09(B)(3), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the defendant's likelihood of recidivism. Id., citations omitted. In the case sub judice, appellant specifically asserts that the trial court failed to apply the first and third objectives of the model test set forth in Eppinger.
 {¶ 10} It is undisputed that appellant, in 1989, was found guilty and was convicted of kidnapping, in violation of R.C.2905.01. While a violation of R.C. 2905.01 is not, per se, a "sexually oriented offense," R.C. 2950.01(D)(1)(c) provides, in pertinent part, that a violation of R.C. 2905.01 committed withsexual motivation is a "sexually oriented offense." Appellant, however, maintains that because the state was required, but failed, to produce the trial transcript of appellant's 1989 kidnapping conviction, the record is insufficient to prove that the 1989 kidnapping conviction was "committed with sexual motivation." Appellant, therefore, contends that the trial court could not classify him to be a "sexual predator" as defined by R.C. 2950.01(E), supra. We disagree.
 {¶ 11} We begin by noting that Eppinger merely "suggests standards" for trial courts to follow in a "model sexual offender classification hearing." State v. Naugle, 3d Dist. No. 2-03-32, 2004-Ohio-1944, at ¶ 11, quoting Eppinger,91 Ohio St.3d at 167. While encouraged to do so, the failure of a trial court tostrictly adhere to the three requirements of the "model hearing" described in Eppinger, does not, per se, result in reversal upon appeal. At minimum, however, Eppinger, requires that, for purposes of appeal, the record of a sexual predator hearing should be clear and accurate and should include the evidence, testimony, and exhibits utilized by the trial court in making its determination. See Eppinger, 91 Ohio St.3d at 166.
 {¶ 12} As correctly noted by appellant, the transcript from the 1989 kidnapping jury trial was not submitted into the record, and the indictment, jury verdict, and judgment and sentencing entry from appellant's 1989 kidnapping conviction do not expressly indicate for what purpose appellant committed the 1989 kidnapping. Nevertheless, we find that the record, as utilized by prosecution, relied upon by the trial court, and preserved for our review, is sufficient to find by clear and convincing evidence that appellant's 1989 kidnapping conviction was "committed with sexual motivation," and thus, was a "sexually oriented offense" as defined by R.C. 2950.01(D)(1)(c).
 {¶ 13} In accordance with Eppinger,[3] the January 5, 2004 transcript of appellant's sexual predator hearing indicates that the prosecution expressly set forth, on the record, the evidence upon which it was relying to support a finding that appellant is a "sexual predator." The prosecutor specifically cited the following evidence to the trial court: "the House Bill 180 Prison Packet," which includes reports from the Adult Parole Authority that contain detailed records of appellant's criminal history; a social history and psychological evaluation report on appellant conducted in July 2003 by the District V Diagnostic Center ("District V evaluation"), which contain detailed accounts of the facts and circumstances surrounding appellant's 1989 kidnapping conviction; the pre-sentence investigation from appellant's 1989 criminal conviction; and the testimony of Dr. James Karpawich, the clinical psychologist who performed the District V evaluation on appellant.
 {¶ 14} The record in the case sub judice leaves little doubt in the mind of this court that appellant committed the 1989 kidnapping with "sexual motivation." For example, Dr. James Karpawich specifically testified that, in his opinion, appellant's 1989 kidnapping is consistent with other serious and violent sex offenses previously committed by appellant, discussed below, and concluded "with reasonable scientific certainty," that appellant committed the 1989 kidnapping with "sexual motivation." Therefore, we hold that the need for the trial transcript from the underlying conviction, while still encouraged, is not absolute, and where there is sufficient evidence in the record available to the trial court regarding the offender's underlying offense, as is the situation here, its absence will not be grounds for reversal.
 {¶ 15} Appellant next asserts, pursuant to the third requirement of the model test provided by Eppinger, supra, that the trial court erred in failing to discuss on the record the particular evidence and factors of R.C. 2950.09(B)(3) upon which it relied in making its determination regarding appellant's likelihood to recidivate. We find appellant's argument unpersuasive.
 {¶ 16} A trial court is not required to list or enumerate all of the factors contained in R.C. 2950.09(B)(3) that it considered in determining that a particular offender is a sexual predator.Rogers, 2004-Ohio-531, at ¶ 15 and 16, citing Eppinger,91 Ohio St.3d at 166. The trial court, however, is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. Id., at ¶ 16, citing State v. Randall (2001),141 Ohio App.3d 160, 165-166. In addition, the record should include the particular evidence relied upon by the trial court in deciding that an offender is a sexual predator. Id., citing Eppinger,91 Ohio St.3d at 166.
 {¶ 17} We note that in the case sub judice, that the trial court did not articulate on the record at the sexual predator hearing and did not expressly indicate by corresponding letter designation, the applicable factors of R.C. 2950.09(B)(3)(a) through (j) upon which it relied in its January 20, 2004 judgment entry. The trial court did, however, in its January 20, 2004 judgment entry, expressly state that it considered all of the evidence and arguments presented by the parties and made several findings of fact which it clearly derived from the list of factors provided in R.C. 2950.09(B)(3)(a) through (j).
 {¶ 18} Although a trial court must consider the statutory factors listed in R.C. 2950.09(B)(3) and place into the record the particular evidence and factors upon which it relies in making its determination, a judgment entry which properly recites the relevant factors and evidence satisfies this requirement.Naugle, 2004-Ohio-1944, at ¶ 11. The findings of the trial court in its January 20, 2004 judgment entry are as follows (with reference to the applicable R.C. 2950.09(B)(3)(a) through (j) factor set out in brackets):
1) Appellant is now fifty (50) years old [R.C.2950.09(B)(3)(a)];
2) The victim was fourteen (14) year-old girl [(B)(3)(c)];
3) appellant's criminal history, specifically: in 1968, at age 14, appellant was charged with molestation after an incident in which he told four (4) boys that he had a gun and intimidated the boys into engaging in sexual activity with one another; in 1973 appellant threatened an eleven (11) year old girl with a knife, took her to a secluded spot and raped her; and in 1978, appellant forced his way into a nineteen (19) year-old female's apartment and raped her [(B)(3)(b) and (h)];
4) Appellant has refused and has not applied to participate in sex offender treatment programs offered by the Department of Corrections, and has a negative attitude toward treatment programs [(B)(3)(f)];
5) Appellant has a history of psychopathic personality traits [(B)(3)(g)];
6) In the current case, appellant kidnapped the fourteen year-old victim at knife point [(B)(3)(i)];
7) Appellant believes that his past behavior "is no different then his friends behavior who pick up women" and further minimizes and denies his involvement in the present offense [(B)(3)(j)];
8) Appellant has a significant history of alcohol and drug abuse while not in prison [(B)(3)(j)]; and finally,
9) Appellant's actions involved sexual motivation with sadistic control features [(B)(3)(j)].
 {¶ 19} Because, the trial court's judgment entry contains a thorough discussion of the factors contained in R.C.2950.09(B)(3) and applies them to appellant, we do not find that the trial court erred.
 {¶ 20} Notwithstanding the facts outlined by the trial court, appellant nevertheless maintains that the state failed to prove by clear and convincing evidence that he is likely to engage in one or more sexually oriented offenses in the future.
 {¶ 21} To reiterate, the record before the trial court contains several official reports from the Adult Parole Authority, records of appellant's prior criminal convictions and the District V evaluation. In addition, Dr. James Karpawich testified and concluded that appellant "is a high risk to engage in future sexual violence." We find appellant's criminal history, which includes two convictions for rape, and his continued refusal to participate in sex offender treatment programs, to be particularly indicative that appellant is rightfully considered to be at "high risk" of engaging in one or more sexually oriented offenses in the future. Accordingly, we find that there is sufficient evidence in the record to support the trial court's classification of appellant as a sexual predator by a clear and convincing degree of proof.
 {¶ 22} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 23} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of conviction of the trial court.
Judgment Affirmed.
 Shaw, P.J. and Rogers, J., concur.
[1] Specifically, R.C. 2950.09(C)(2)(a) provides in pertinent part that "[i]f a person was convicted of or pleaded guilty to a sexually oriented offense * * * prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, * * * the court shall conduct a hearing to determine whether the subject offender is a sexual predator * * *."
[2] Our discussion and analysis of R.C. 2950.09 is of the S.B. 3 version, effective July 31, 2003.
[3] Eppinger specifically provides that the prosecution and defense counsel should identify, on the record, the evidence that is probative of the issue of whether the offender is likely to engage in the future in a sexually oriented offence. Eppinger,91 Ohio St.3d at 166. In addition, Eppinger further provides that if the conviction is old the state may need to introduce the actual trial record. Id.