OPINION
{¶ 1} The defendant-appellant, Chad M. Martin, appeals the judgment and sentence of the Putnam County Court of Common Pleas classifying him as a sexual predator and sentencing him to consecutive sentences.
 {¶ 2} On November 18, 2003, Martin was indicted for unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony in the fourth degree. Similarly, on February 20, 2004, Martin was indicted for two counts of unlawful sexual conduct with a minor in violation of R.C.2907.04(A). All charges stemmed from sexual relations with a girl that was thirteen years old at the time of the incidents. Martin pled guilty to all charges alleged in the indictment, and the trial court sentenced him to eighteen months incarceration for each of the three counts of unlawful sexual conduct with a minor to be served consecutively and classified Martin as a child-victim oriented offender.
 {¶ 3} On May 24, 2004, a Putnam County Grand Jury again indicted Martin with twelve counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). All charges in this indictment arose out of alleged sexual conduct with another girl that was fifteen years old at the time of the incidents. As part of a guilty plea, Martin pled guilty to six counts of unlawful sexual conduct.
 {¶ 4} A sentencing and sexual classification hearing was held on November 15, 2004. At the hearing, the trial court concluded that Martin was a sexual predator. Furthermore, the trial court sentenced Martin to eighteen months for each of the six counts to be served consecutively and consecutive to the three previous unlawful sexual conduct with a minor convictions. Martin appeals alleging two assignments of error.
 Assignments of Error The trial court committed an error of law when it imposed the sexualpredator classification on appellant against the manifest weight of theevidence [sic].
 The trial court committed an error of law when it imposed consecutivesentences for the offenses of appellant.
 {¶ 5} Preliminarily, we note that the plaintiff-appellee, the State of Ohio, failed to file a brief in this appeal. Consequently, App.R. 18(C) (emphasis added) states:
If an appellee fails to file the appellee's brief within the timeprovided by this rule . . . the appellee will not be heard at oralargument except by permission of the court upon a showing of good causesubmitted in writing prior to argument; and in determining the appeal,the court may accept the appellant's statement of the facts and issues ascorrect and reverse the judgment if appellant's brief reasonably appearsto sustain such action.
 {¶ 6} We frankly find no excuse for the State's failure to file a brief in a case of this seriousness and, accordingly, admonish the prosecutor in the strictest terms to file such briefs in any future cases arising from criminal prosecutions in Putnam County. Nevertheless, in the interest of justice, the court will review the issues in the appellant's brief and the record in order to adjudicate the present appeal.
 Sexual Predator Classification {¶ 7} A "sexual predator" is defined by the Ohio Revised Code as the "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes." R.C. 2905.01(E)(1). In making sexual predator determination, R.C. 2950.09(B)(3) states:
the judge shall consider all relevant factors, including, but notlimited to, all of the following:
 (a) The offender's . . . age;
 (b) The offender's prior criminal record regarding all offenses,including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense forwhich sentence is to be imposed . . .;
 (d) Whether the sexually oriented offense for which sentence is to beimposed . . . involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim ofthe sexually oriented offense . . .;
 (f) If the offender . . . has been convicted of . . . a criminaloffense, whether the offender . . . completed any sentence ordispositional order imposed for the prior offense or act and, if theprior offense or act was a sex offense or a sexually oriented offense,whether the offender . . . participated in available programs for sexualoffenders;
 (g) Any mental illness or mental disability of the offender . . .;
 (h) The nature of the offender's . . . conduct, sexual contact, orinteraction in a sexual context with the victim of the sexually orientedoffense and whether the sexual conduct, sexual contact, or interaction ina sexual context was part of a demonstrated patter of abuse;
 (i) Whether the offender . . ., during the commission of the sexuallyoriented offense for which sentence is to be imposed or the order ofdisposition is to be made, displayed cruelty or made one or more threatsof cruelty;
 (j) Any additional behavioral characteristics that contribute to theoffender's . . . conduct.
R.C. 2950.09(B)(3)(a)-(j).
 {¶ 8} Additionally, "[r]igid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v. Robertson, 2002-Ohio-494, ¶ 20, 147 Ohio App.3d 94, 768 N.E.2d 1207. After reviewing all the testimony and evidence presented at the sexual offender classification hearing, a trial court shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(4). The Supreme Court of Ohio has held that
[c]lear and convincing evidence is that measure or degree of proofwhich will produce in the mind of the trier of facts a firm belief orconviction as to the allegations sought to be established. It isintermediate, being more than a mere preponderance, but not to the extentof such certainty as is required beyond a reasonable doubt as in criminalcases. It does not mean clear and unequivocal."
Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118
(emphasis in original), citing Merrick v. Ditzler (1915), 91 Ohio St. 256,110 N.E. 493. Finally, a reviewing appellate court must examine the entire record to determine whether the manifest weight of the evidence standard satisfies the clear and convincing standard. State v. Schiebel
(1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 9} In the instant case, the trial court made the following determinations when classifying Martin as a sexual predator:
The Court: The Court is taking into account those factors under 2950.09and making a determination of whether or not the defendant is a sexualpredator. Those factors include the offender and the child's ages, theoffender currently being 23; is that correct, Mr. Martin?
 A. No, sir, I'm 22 years old, Your Honor.
* * *
The Court: And that the most recent victim of the defendant was age 15at the time of the offenses. The Court is taking into account the priorrecord of criminal convictions and delinquencies, those being recited inthe pre-sentence report, and as indicated, include the prior findings ofsexual offenses. The record begins in 1995 with a theft, in 1995 a grandtheft, possession of alcohol. Breaking and entering in 1999. Passing badchecks in 2000. Disorderly conduct in 2000. Passing bad checks in 2001.Another passing bad check charge in 2002, community control violationsalso during that year. A theft and obstruction of official business inthe year 2003, an additional community control violation, an assault in2003, an additional community control violation, unlawful sexual conductwith a minor in November of 2003. Two counts of unlawful sexual conductin February of 2004 that involve what was then a 13 year old, and thecharges in the present case. The age of the victim has already beenindicated by the Court. The Court is making a determination at this pointthat there have been multiple victims of the defendant. The Court ismaking a determination that at some point drugs were used to either lureor impair the victim or victims. The Court is making a finding there wasa previous adjudication of a sexual offender status. The Court is makinga finding that the offense, being the current offenses, were admittedwhile on bond and/or awaiting sentencing with the Court. The Court ismaking a finding that the offender, being the defendant, has pleadedguilty to a sexually oriented offense and is likely to engage in thefuture in one or more sexually oriented offenses. There has been a prioradjudication as an adult, and the Court finds that the offender is likelyto engage again in one or more sexually oriented offenses. * * *
Sexual Predator Classification Hearing, Nov. 15, 2004 at pp 5-6.
 {¶ 10} After reviewing the trial court's findings and conclusions, we conclude that Martin's classification as a sexual predator is not against the weight of the evidence. Primarily, we note that Martin had two victims under the age of sixteen. Second, according to the timeline as alleged in his brief, Martin had sexual intercourse with his second victim while on bail for charges relating to his first victim. Third, we note that Martin's criminal history, which, at the time he was classified as a sexual predator, did contain two previous convictions for sex crimes. Fourth, we highlight that Martin was previously classified as a sexually oriented offender. Fifth, we point out the use of drugs and alcohol to impair the victims' senses. Finally, we note Martin's age, 21 and 22, versus those of his victims, 13 and 15. Accordingly, the first assignment of error is overruled.
 Consecutive Sentences {¶ 11} In this assignment of error, Martin alleges that the trial court made erroneous findings and failed to give a sufficient basis for imposing consecutive sentences. Specifically, Marin asserts that "the trial court's finding to support the consecutive sentence is a mere recitation of the statutory factors. . . ." Appellant's Brief at p. 9.
 {¶ 12} When a defendant pleads guilty to multiple offenses, the sentencing court is to impose concurrent sentences unless it finds that consecutive sentences are permissible pursuant to R.C. 2929.14(E)(4).State v. Mendez, 3rd Dist No. 12-02-99, 2003-Ohio-717, at ¶ 12. In making a consecutive sentence recommendation, the court must comply with the relevant sentencing statutes by making all necessary findings on the record at the sentencing hearing. Martin, 136 Ohio App.3d at 361-62,736 N.E.2d 907.
 {¶ 13} Ohio Revised Code section 2929.19(B)(2) states that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: . . . [i]f it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences." Additionally, R.C. 2929.14(E)(4) states, in relevant part:
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following: .. . (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 14} In the instant case, when imposing Martin's sentence, the trial court stated:
At this time, the Court is making a series of findings. First of all,the Court is finding under R.C. 2929.13(B)(1) that the present cases aresex offenses, that there has been previously served a prison term [sic],which is a present term, that the offenses were committed while theoffender was under a restriction of the Court, that being a bond of theCourt. The Court is making a finding that in weighing the seriousness andrecidivism factors, that prison is consistent with the purposes andprincipals of the Revised Code. That the offender is not amenable for theavailable community control sanction, that being for the reasons asalready recited by the Court. The Court is making a finding that aminimum term would demean the seriousness of the offense and clearlywould not adequately protect the public. The Court is making a findingthat the offender poses the greatest likelihood of committing futurecrimes.
* * *
The Court is making a finding that the offender's criminal historyshows that consecutive terms are needed to protect the public. Again, forreasons as recited by the Court and the discussion had here today,indicating that having pled to prior cases, that the offender was out onbond and simply continued a course of felonious conduct involving drugs,young victims, and victims of sexual offenses, and sought out new victimsof or a new victim of a sexual offense.
* * *
I want the record to be clear as to the reasons for imposing thelongest term and consecutive sentences, that being the repeat nature ofthe offenses and the fact that these were occurring while on sanction bythis Court. As indicated, Mr. Martin, the Court finds it inconceivable,that given these circumstances that you were in this Court before, thatyou would go out and commit what are a series of additional offenseshere. Sentencing Hearing Tr., Nov. 15, 2004 at p. 15-16.
 {¶ 15} Again, after reviewing the record and the conclusions and findings the trial court made before imposing consecutive sentences, we conclude that imposing consecutive sentences is supported by the record. Particularly, we highlight the protection of the public given Martin's long and extensive criminal history. Furthermore, we note the seriousness of the crimes, in light of Martin's criminal history. Accordingly, taken all of this together — i.e. the seriousness of Martin's current charges, his extensive criminal history, and the interest to protect the public from future harm — we conclude that the imposition of consecutive sentences were not disproportionate to the seriousness of the conduct and to the danger that Martin poses to the public. Thus, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.