OPINION
{¶ 1} Defendant-appellant, Lorenzo Logan ("appellant'), appeals from the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09.
 {¶ 2} In 1986, after a jury rendered a verdict of guilty, appellant was convicted of one count of kidnapping and two counts of rape. Appellant was sentenced to an aggregate indeterminate term of 12 to 50 years. This court affirmed appellant's convictions on April 28, 1988.State v. Logan (Apr. 28, 1988), Franklin App. No. 87AP- *Page 2 
633. A sexual predator classification hearing was held on March 22, 2007. According to the hearing transcript, the original trial transcript of the underlying convictions was not available; therefore, the state called appellant as a witness, and submitted the appellate decision affirming appellant's convictions. According to Logan:
 * * *On June 20, 1986, at approximately midnight, the victim received a call from appellant's nephew saying that he needed a ride. When she arrived, the nephew directed her to a house where she was to meet appellant and another man. The three men took the victim's car keys from her, threw her into the back seat, and appellant's nephew proceeded to drive the car at a high rate of speed. Walker, appellant's friend, tried to touch her and when she protested, he tried to throw her out of the moving car. Eventually the car broke down on I-71. Appellant then forced the victim to perform fellatio on him and then all three men took turns raping her. Afterward, appellant's nephew left the scene. When Walker was attempting to rape her again, a police cruiser arrived. The Columbus police officer testified he came upon the scene at approximately 3:30 a.m. when he noticed flashers on a car which was sitting at the berm of I-71. He noticed someone slumped behind the wheel and two people who appeared to be dressing in the back seat. As the victim got out from the car to approach the policeman, the two men who were with her ran from the scene. The police officer described the victim as hysterical, and she was taken to the hospital immediately. A criminologist testified that she detected sperm on a slide obtained from the victim's vaginal examination. However, no semen or fingerprints were found in the victim's car.
 {¶ 3} After consideration of appellant's testimony, his prior record, the facts as taken from the appellate decision and acknowledged by appellant, the court classified appellant as a sexual predator.
 {¶ 4} This appeal followed and appellant brings the following single assignment of error for our review:
 THE TRIAL COURT ERRED WHEN IT ALLOWED, OVER OBJECTION, A SUMMARY OF THE TRIAL PROCEEDINGS *Page 3 
TO BE ADMITTED WHEN THE STATE FAILED TO PRESENT ANY EVIDENCE INDICATING THAT THE TRIAL TRANSCRIPT HAD BEEN LOST OR DESTROYED.
 {¶ 5} R.C. Chapter 2950 defines three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually oriented offenders. R.C. 2950.09. In order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and2950.09(B)(3).
 {¶ 6} The General Assembly supplied the trial court with several factors to consider in making this weighty decision. R.C. 2950.09(B)(3) provides:
 In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 (a) The offender's * * * age;
 (b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
 (d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders; *Page 4 
 (g) Any mental illness or mental disability of the offender * * *;
 (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct.
 {¶ 7} There is no requisite number of these factors that must apply before a trial court may find an offender is a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be appropriate. State v. Vance, Franklin App. No. 06AP-1016, 2007-Ohio-4407, ¶ 96, citing State v. Walker, Franklin App. No. 04AP-1107, 2005-Ohio-3540, ¶ 10; State v. Fears, Franklin App. No. 04AP-1164, 2005-Ohio-2960, ¶ 6. Because the test is not a balancing one, even one or two of the factors are sufficient as long as the evidence of likely recidivism is clear and convincing. Id., citing State v.Dudley, Franklin App. No. 05AP-144, 2005-Ohio-6503, ¶ 62; State v.McDonald, Franklin App. No. 03AP-853, 2004-Ohio-2571, ¶ 8; see, also,State v. Hardie (2001), 141 Ohio App.3d 1, 5, 2000-Ohio-2044.
 {¶ 8} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v.Ledford (1954), *Page 5 161 Ohio St. 469, 477. An appellate court reviewing a finding that a defendant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Abdullah, Franklin App. No. 05AP-1316, 2005-Ohio-5412, ¶ 39, citing State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, ¶ 90, citing State v. Keffe (Sept. 21, 2000), Franklin App. No. 00AP-118.
 {¶ 9} As indicated in his stated assignment of error, appellant does not necessarily contest the trial court's finding of him to be a sexual predator, but rather, objects to the trial court's use of the appellate decision for the facts underlying the offenses where there was no presentation of evidence indicating the original trial transcript had been lost or destroyed. Appellant's argument is twofold, and he first contends the appellate decision did not concern "sexual predator issues," and therefore would not be expected to contain facts relevant to the issue of recidivism. While the appellate decision was reviewing appellant's convictions, and was not faced with a sexual predator determination, the decision, which was based on the original trial transcript, could, and did indeed contain facts relevant to the sexual predator determination.
 {¶ 10} Secondly, appellant contends he had an absolute right to introduce the transcript of the trial proceedings, and he was denied this right by the absence of evidence suggesting the trial transcript had been lost or destroyed. The hearing transcript, however, reflects that both the state and counsel for appellant agreed that the trial transcript could not be located and thus was not available. The following exchange took place:
 [Appellant's Counsel]: * * * And I know it is unfortunate, well, may be unfortunate for some, that the transcript of this particular trial, no one can find. Okay. *Page 6 
 [The Court]: That is why I presume you're doing all this today?
 [The State]: Right.
 * * *
 [The Court]: Let me put on the record so that we can have a clear understanding here. Neither the transcripts or, I presume, the underlying case file, other than these entries, in other words, there is no presentence investigation from that time, no nothing, there was none, I presume, at that time, although, I don't' know, but none of that is available; is that correct?
 [The State]: That's my understanding.
(Tr. 21-23.)
 {¶ 11} The hearing transcript reveals that all the parties were in agreement and aware that the trial transcript could not be located and was not available. Thus, we find no merit in appellant's contention that the state was required to put on evidence of transcript unavailability during the sexual predator hearing where the issue of unavailability was not only uncontested, but acknowledged by all the parties. The objection at the hearing was not whether or not the transcript was unavailable, but rather centered around the appropriateness of using the appellate decision for the facts underlying the offenses. While we agree a review of the trial transcript would generally be helpful when making a sexual predator determination, the factors relied upon by the trial court can be found in the original papers and the remaining part of the record. "[T]he need for trial transcript from the underlying conviction, while still encouraged, is not absolute, and where there is sufficient evidence in the record available to the trial court regarding the offender's underlying offense * * * its absence will not be grounds for *Page 7 
reversal." State v. Druckenmiller, Crawford App. No. 3-04-03,2004-Ohio-6485 ¶ 10; State v. Clark, Pike App. No. 02CA684, 2003-Ohio-1707, discretionary appeal not allowed by 99 Ohio St.3d 1468,2003-Ohio-3669, cert. denied by (2004), 540 U.S. 1116, 124 S.Ct. 1057
(finding no error in failing to introduce trial transcript of underlying offense at sexual predator hearing where the defendant did not challenge factual inaccuracies and there was support in the record for the trial court's finding); State v. Allen (2001), 142 Ohio App.3d 291 (in remanding to the trial court for a new sexual predator hearing, the trial court was instructed to consider all parts of the available record, including the decision rendered on direct appeal).
 {¶ 12} Further, appellant does not contest the court's findings as factually inaccurate. In fact, at the hearing, appellant admitted the following: (1) that he was convicted of rape and did not testify at trial; (2) that he had been in a romantic relationship with the victim prior to the incident; (3) that two other men were involved and the incident occurred alongside Interstate 71; and (4) that the victim testified that all three men forcibly removed her clothes, one man had a gun, and all three engaged in sexual conduct, including vaginal intercourse and fellatio. Appellant also admitted having two prior convictions.
 {¶ 13} The trial court stated at the hearing that given the nature of the offense, the facts surrounding the offense, i.e., a gang rape consisting of fellatio and intercourse, the cruel and violent nature of the offense, and appellant's prior record, the state had established by clear and convincing evidence that under R.C. 2950.09(B)(3) appellant is likely to reoffend when and if released, and therefore designated appellant a sexual predator. Again we note that appellant does not take issue with these findings, as his *Page 8 
argument, which we have already determined to be without merit, focuses on the trial court's use of the appellate decision without a presentation of evidence that the original trial transcript was unavailable. Nonetheless, we have reviewed the record, and find there is sufficient, competent and credible evidence which supports the trial court's sexual predator adjudication.
 {¶ 14} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 SADLER, P.J., and BRYANT, J., concur. *Page 1