OPINION *Page 2 
{¶ 1} Defendant-Appellant Daniel Street ("Street") appeals from the December 5, 2006 Journal Entry of the Court of Common Pleas, Auglaize County, Ohio, finding and designating Street to be a sexual predator and sentencing him to 18 months in prison for his conviction of unlawful sexual conduct with a minor, a fourth degree felony in violation of Ohio Revised Code section 2907.04(A), to be served consecutively to his sentence imposed in Case No. 2006-CR-1 16 for a total prison sentence of 59 months.
 {¶ 2} On July 19, 2006 an Auglaize County Grand Jury indicted Street on two felony counts of unlawful sexual conduct with a minor, both felonies of the fourth degree in violation of R.C. 2907.04(A). At a bond hearing on July 21, 2006 the trial court appointed a public defender to represent Street and released Street on bond with the condition that he have no contact with minors or students and have no contact with the victim or her family. However, while awaiting arraignment on these two charges (as contained in Case No. 2006-CR-108), Street was arrested on charges of felony drug trafficking after selling marijuana to a confidential informant. The trial court revoked Street's bond in Case No. 2006-CR-108 due to the drug trafficking arrest and he was placed into custody. Street *Page 3 
was subsequently indicted by an Auglaize County Grand Jury on six felony charges related to trafficking in marijuana.[1] (Case No. 2006-CR-116).
 {¶ 3} On July 31, 2006 Street appeared for his arraignment in Case No. 2006-CR-108 and entered pleas of not guilty to the two charges of unlawful sexual conduct with a minor as contained in the indictment. Street was released on bond, but was ordered to personally check in with the St. Mary's Police Department daily.
 {¶ 4} On October 12, 2006 Street appeared for a change of plea hearing in Case No. 2006-CR-108 and Case No. 2006-CR-116. In Case No. 2006-CR-1 16 Street withdrew his previously entered plea of not guilty as to all charges contained in the indictment and entered into a negotiated plea agreement wherein he agreed to plead guilty to counts one, two and four of the indictment and the State agreed to dismiss counts three, five and six of the indictment. In Case No. 2006-CR-108 Street entered a plea of guilty to unlawful sexual conduct with a minor, as set forth in count one of the indictment, a felony of the fourth degree in violation of R.C. 2907.04(A). The trial court ordered that count two be dismissed upon the completion of sentencing. After accepting Street's guilty plea as to count *Page 4 
one, the trial court found Street guilty of unlawful sexual conduct with a minor. The court ordered that the Adult Parole Authority conduct a pre-sentence investigation, that the Auglaize County Victim Advocate prepare a victim impact statement, and that Street undergo a psychological evaluation.
 {¶ 5} On December 5, 2006 the trial court conducted a sexual predator classification hearing and sentencing hearing. The court found that Street had been convicted of committing a sexually oriented offense that was not a registration-exempt sexually oriented offense. Additionally, the court determined that Street was likely to engage in the future in one or more sexually oriented offenses, and therefore found Street to be a sexual predator.
 {¶ 6} The court immediately proceeded to sentencing in Case No. 2006-CR-108 and Case No. 2006-CR-116. In Case No. 2006-CR-108, the court ordered Street to serve 18 months in prison for his conviction of unlawful sexual conduct with a minor with this sentence to run consecutively to the sentence imposed in Case No. 2006-CR-116 for a total prison sentence of 59 months. The court also notified Street of his duty to register as a sexual predator pursuant to R.C. 2950.04 upon his release from prison. Street was granted credit for 133 days served.
 {¶ 7} Street now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR *Page 5 THE EVIDENCE ADDUCED AT HEARING ON SEXUAL PREDATOR CLASSIFICATION BY THE STATE OF OHIO FAILED TO PROVE, BY CLEAR AND CONVINCING EVIDENCE, THAT THE APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES THUS RENDERING THE COURT'S DECISION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} In his sole assignment of error, Street contends that the trial court erred in classifying him as sexual predator when the evidence relied upon by the court did not show that Street was likely to engage in future sexually oriented conduct.
 {¶ 9} A "sexual predator" is defined by the Ohio Revised Code as "the person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in oneor more sexually oriented crimes." R.C. 2950.01(E)(1).[2] (Emphasis added).
 {¶ 10} In making a determination as to whether an offender is a sexual predator, R.C. 2950.09(B)(3) states that the judge shall consider all relevant factors, including, but not limited to, all of the following:
 (a) The offender's . . . age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed . . .;
 (d) Whether the sexually oriented offense for which sentence is to be imposed . . . involved multiple victims; *Page 6 
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender . . . previously has been convicted of or pleaded guilty to . . . a criminal offense, whether the offender . . . completed any sentence . . . imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender . . . participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender . . .
 (h) The nature of the offender's . . . sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender . . . during the commission of the sexually oriented offense for which sentence is to be imposed . . . displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's . . . conduct.
R.C. 2950.09(B)(3)(a)-(j).[3]
 {¶ 11} Additionally, we note that "[r]igid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v.Robertson (2002), 147 Ohio App.3d 94, 98, 768 N.E.2d 1207. The enumerated criteria set forth in R.C. 2950.09(B) are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before a defendant can be considered a sexual predator. State v. Smith, *Page 7 
3rd Dist. No. 17-99-1, 1999-Ohio-846 citing State v.Gropp (Apr. 8, 1998), 9th Dist. No. 97CA006744, unreported. Simply because certain factors may not apply to a particular defendant does not mean he or she cannot be found to be a sexual predator. Id.
 {¶ 12} In classifying an offender as a sexual predator, the Revised Code requires the trial court to make this finding only when the evidence is clear and convincing that the offender is a sexual predator.State v. Naugle, 3rd Dist. No. 2-03-32, 2004-Ohio-1944
citing R.C. 2950.09(B)(4). The Supreme Court of Ohio has held as follows:
 "[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
Cross v. Ledford (1954), 161 Ohio St.469, 477, 120 N.E.2d 118 (emphasis in original), citing Merrick v. Ditzler (1915), 91 Ohio St. 256, 110 N.E. 493. Further, when the "degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Cross, supra. Thus, we are required to determine whether the evidence *Page 8 
presented was sufficient for the trial court to classify Street as a sexual predator by a clear and convincing degree of proof Finally, a reviewing appellate court must examine the entire record to determine whether the manifest weight of the evidence standard satisfies the clear and convincing standard. State v. Martin, 3rd Dist. No. 12-04-13, 2005-Ohio-3237 citing State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 13} At the sexual offender classification hearing in the instant case, the parties stipulated to the admission of Street's psycho-sexual evaluation which contained an analysis of the factors contained in R.C.2950.09. Additionally, the parties stipulated to the court's consideration of the pre-sentence investigation report as it related to the court's determination of Street's sexual offender status and stipulated that Street would have to be classified as a sexually oriented offender. Neither party put forth additional evidence or testimony and instead simply proceeded to closing arguments based upon the evidence presented to the court.
 {¶ 14} The record reveals that the trial court reviewed the pre-sentence investigation report, Street's prior criminal record and the psycho-sexual evaluation prepared by the Forensic Psychiatry Center for Western Ohio before finding that Street was likely to engage in the future in one or more sexually oriented offenses and therefore finding him to be a sexual predator. (See *Page 9 
Transcript of December 5, 2006 sexual offender classification hearing and sentencing, ("Tr.") pp. 10-12). Specifically, the trial court noted that it considered Street's age and the age of his victim (14), and the fact that Street was involved in drug activity and drug addiction. Further, the trial court noted Street's mental illness and with that, the potential for increased risk for sexual recidivism, the nature of Street's sexual conduct being intercourse on more than one occasion, the nature of Street's sexual conduct showing a limited pattern of abuse with this particular victim, and Street's behavioral characteristics that contributed to his conduct including his narcissistic approach to life. (Tr. p. 12).
 {¶ 15} Upon our review of the record we note that in the pre-sentence investigation report, Street admitted that although he thought his victim was 15, he knew he should not have had sex with a 15 year old. Additionally, Street's psycho-sexual evaluation includes the results of clinical scales testing which reveals that Street is an individual who is "impulsive, insightless, resentful, and rebellious, that he has difficulty accepting rules and regulations as well as authority, that the likelihood of legal problems is high, and that sexuality and intimacy are problem areas for individuals such as Street." The evaluation also includes a personality assessment which reveals Street's antisocial tendencies and antisocial behavior and an alcohol use profile which reveals a high degree of alcohol abuse and high attitudes and behavior associated with problem drinking. *Page 10 
 {¶ 16} Furthermore, we note that Street's psycho-sexual evaluation addresses the risk factors outlined in R.C. 2950.09 and how they apply to Street's particular case. Specifically, the evaluation indicates that Street's age and prior offenses increases his risk for recidivism, that his apparent personality disorder with antisocial traits can increase his risk for sexual recidivism, and that Street has a significant drug and alcohol history and current abuse problem which contributes to his conduct.
 {¶ 17} Based on the foregoing, we are convinced that the trial court considered the criteria set forth in R.C. 2950.09(B)(3)(a)-(j) before finding Street to be a sexual predator pursuant to R.C. 2950.01(E)(1) and that Street was properly classified as a sexual predator by clear and convincing evidence. Accordingly, the trial court's classification is not against the weight of the evidence.
 {¶ 18} Therefore, Street's sole assignment of error is overruled and the December 5, 2006 Journal Entry of the Auglaize County Court of Common Pleas finding and designating Street to be a sexual predator and sentencing him to 18 months in prison for his conviction of unlawful sexual conduct with a minor is affirmed.
Judgment affirmed.
 PRESTON, J., concurs.
[1] The charges contained in the indictment were as follows: Count One, Trafficking in Marijuana, a felony of the fifth degree in violation of R.C. 2925.03(A)(1)(C)(3)(a); Count Two, Trafficking in Marijuana, a felony of the fifth degree in violation of R.C. 2925.03(A)(1)(C)(3)(a); Count Three, Trafficking in Marijuana, a felony of the fifth degree in violation of R.C. 2925.03(A)(1)(C)(3)(a); Count Four, Trafficking in Marijuana (committed in the vicinity of a juvenile), a felony of the fourth degree in violation of R.C. 2925.03(A)(1)(C)(3)(b); Count Five, Furnishing Marijuana to a Juvenile, a felony of the fourth degree in violation of R.C. 2905.02(A)(4)(a)(C)(3); and Count Six, Furnishing Marijuana to a Juvenile, a felony of the fourth degree in violation of R.C. 2905.02(A)(4)(a)(C)(3).
[2] We note that R.C. 2950.01 has been amended by 2007 Ohio Laws File 10 (Am. Sub. S.B. 10), effective June 30, 2007.
[3] We note that R.C. 2950.09 has been repealed by 2007 Ohio Laws File 10 (Am. Sub. S.B. 10), effective June 30, 2007. *Page 11 
 ROGERS, P.J., dissents.