ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Deon McGregor ("appellant"), appeals the trial court's denial of his presentence motion to withdraw his guilty plea. Appellant was originally charged with breaking and entering and theft, but pled guilty to theft in exchange for the state dismissing the breaking and entering charge. At the sentencing hearing, appellant made an oral motion to withdraw his guilty plea, stating that he believed he was innocent and that, after reviewing the facts of his case with another attorney, the state had evidence to prove, at best, receiving stolen property but not enough evidence to prove theft. The trial court denied appellant's motion to withdraw his guilty plea and sentenced appellant to six months in prison.
 {¶ 2} In his sole assignment of error, appellant contends that the trial court erred in denying his presentence motion to withdraw his guilty plea. He argues that such presentence motions are to be granted freely, which is in stark contrast to post-sentence motions to withdraw guilty pleas. However, appellant's contention lacks merit.
 {¶ 3} It is well-settled that it is within the trial court's discretion to grant or deny a presentence motion to withdraw a guilt plea and, on appeal, such decision will not be disturbed unless it is unreasonable, arbitrary, or unconscionable. State v. Xie (1992),62 Ohio St.3d 521, 527, 584 N.E.2d 715. While appellant accurately stated that presentence motions to withdraw guilty pleas should be freely granted, a defendant "does not have an absolute right to withdraw a plea prior to sentencing." Id. Instead, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 4} Here, the trial court conducted a hearing to consider whether appellant's claim of innocence was a reasonable and legitimate basis for the withdrawal of the guilty plea. In denying appellant's presentence motion, the trial court placed emphasis on the previous knowing, voluntary, and intelligent plea taken in accordance with Crim.R. 11, as well as the fact that appellant has been represented by competent counsel throughout the proceedings. Without more, appellant's innocence claim was not a reasonable or legitimate basis upon which to withdraw his already knowing, voluntary, and intelligent guilty plea, especially when appellant did not profess his innocence at the time he entered his guilty plea. Perhaps appellant's claim of innocence arose after he learned that his co-defendant pled guilty to receiving stolen property and received less prison time. Regardless, it cannot be said that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea. Thus, appellant's sole assignment of error is overruled and the trial court's decision is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Dyke, J., concur.