[Cite as *State v. Watson*, 2012-Ohio-13.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   96803

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THEODORE WATSON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-540963

**BEFORE:**   E. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   January 5, 2012

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Matthew Waters
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Avenue
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

**{¶ 1}** Theodore Watson ("appellant"), appeals his convictions from the Cuyahoga County Court of Common Pleas.  Appellant argues that the trial court erred by denying his motion to withdraw his guilty plea at his sentencing hearing.  For the following reasons, we affirm.

**{¶ 2}** Appellant was indicted on August 31, 2010 in a four count indictment charging him with aggravated arson in violation of R.C. 2909.02(A)(2) (Count 1), arson in violation of R.C. 2909.03(A)(2) (Count 2), insurance fraud in violation of R.C.

2913.47(B)(1) (Count 3), and insurance fraud in violation of R.C. 2913.47(B)(2) (Count 4). Appellant initially pled not guilty to the indictment. On March 14, 2011, pursuant to a plea agreement between the state and appellant, the state moved to amend Count 1 to attempted aggravated arson. Under the plea agreement, appellant pled guilty to the amended Count 1 and Count 3 as indicted. Appellant further agreed to pay restitution to Nationwide Insurance Company in the amount of $187,836.31. All other remaining counts were nolled.

{¶ 3} Appellant's sentencing was originally scheduled for April 14, 2011 and, at that time, representatives of the Nationwide Insurance Company appeared to address the court. Counsel for the appellant was, however, unable to appear on that date and the court continued the sentencing after hearing, on the record, from the Nationwide representatives.

{¶ 4} On April 18, 2011, appellant's trial counsel informed the trial court that appellant wished to withdraw his guilty pleas. The following exchange occurred:

> APPELLANT'S COUNSEL: "But Mr. Watson, the basis for that plea, as we discussed between us — and not meaning to violate any attorney/client confidentiality, but it was a calculation on his part based upon what I had indicated to him was what I thought was likely to occur at sentencing. That was in part based upon my conversation with the court where the court did not make any promises to me, however, it did indicate that it was considering I think would be — I'm trying very hard to phrase it exactly. That it would consider something in the range of probation with house arrest as a potential sentence in this matter. Subsequently, the co-defendant, Stephanie Wainwright, was sentenced. She had pled out earlier; and she was, in fact, given probation. I understand that certain things have happened specifically with regard to what is contained in the

probation report, specifically Mr. Watson's complete denial of any responsibility in this matter. And, second of all, statements that were made by the insurance people which have been relayed to me by the Court. * * * But, obviously, from what the Court has indicated to me, those factors might have caused it to re-evaluate how it initially viewed the matter * * *."

{¶ 5}   The trial court then stated on the record that no promises had been made and that the court had previously indicated to trial counsel that the court would hear from all the parties involved, including the victims, and consider appellant's presentence report prior to reaching a decision on appellant's sentence. Trial counsel agreed with the court's account but stated:

> APPELLANT'S COUNSEL: "What he is basically maintaining is that he is innocent, that he did not commit these offenses, he pled guilty, and it may be my fault in the way I communicated the information that I thought the court had communicated to me, it may be that I falsely created in him an impression that he was definitively going to get probation, but he — basic reason is he doesn't want to go to prison for something that he believes he did not do, and that's the basis for asking to withdraw the plea."

{¶ 6}   The trial court at that time conducted a hearing on appellant's motion considering arguments from both appellant and the state before denying appellant's motion. The trial court then sentenced appellant to one year on Count 1 and one year on Count 2. The court ordered the sentences to run consecutively for an aggregate prison term of two years. Appellant brought the present appeal asserting the following sole assignment of error:

{¶ 7}   "The trial court erred in overruling appellant's motion to withdraw his guilty plea."

{¶ 8} Crim.R. 32.1 governs motions to withdraw guilty pleas and states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 9} Although presentence motions to withdraw guilty pleas should be freely granted, "a defendant 'does not have an absolute right to withdraw a plea prior to sentencing.'" *State v. McGregor*, Cuyahoga App. No. 86165, 2005-Ohio-5561, at ¶3, quoting *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. "Instead, the trial court 'must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.'" Id. A mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing. *State v. Benjamin*, Cuyahoga App. No. 85071, 2005-Ohio-2322, at ¶9.

{¶ 10} The decision of a trial court to grant or deny a motion to withdraw a guilty plea is reviewed using an abuse of discretion standard. *State v. Van Dyke*, Lorain App. No. 02CA008204, 2003-Ohio-4788, at ¶7, citing *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph two of the syllabus. To constitute an abuse of discretion, it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 11} In determining whether the trial court abused its discretion by denying the appellant's motion to withdraw a plea, we consider the following factors: (1) whether the

accused was represented by highly competent counsel; (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused was given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request. *State v. Weakley*, Cuyahoga App. No. 93282, 2010-Ohio-2464, at ¶12, citing *Peterseim* at paragraph three of the syllabus.

{¶ 12} In the case sub judice, appellant's argument can only be understood to dispute the first factor above. The record reveals that the trial court complied with Crim.R. 11 in its plea colloquy, conducted a hearing on appellant's motion to withdraw his plea, and after hearing from both parties and considering case law on the matter, gave full and fair consideration to appellant's plea withdrawal request. Furthermore, we note that appellant does not argue that the conduct of his trial counsel constituted ineffective assistance of counsel.

{¶ 13} Appellant instead argues that the trial court abused its discretion in denying his motion because a misunderstanding existed where he was led to believe he would be placed on probation instead of being sentenced to a term of incarceration. This court considered an analogous argument under nearly identical facts in *State v. Lambros* (1988), 44 Ohio App.3d 102, 541 N.E.2d 632. The defendant in *Lambros* sought to withdraw his plea at sentencing because he had been led to believe he would be put on probation. Lambros's attorney acknowledged that he had told Lambros that if the court

did not give him probation, Lambros would be permitted to withdraw his plea. The trial court denied any such agreement existed and denied Lambros's motion to withdraw his guilty plea.

{¶ 14} On appeal, this court noted that "[a]t the time he entered his guilty plea, [Lambros] acknowledged that no promises or threats were made to induce his plea and he understood the possible sentencing consequences. It appears from the record that [Lambros] attempted to withdraw his plea before sentencing only because defense counsel became aware that appellant would be sentenced to a period of incarceration." *Lambros*, 44 Ohio App.3d at 103.

{¶ 15} We held that a defendant who has a change of heart regarding his guilty plea should not be permitted to withdraw that plea just because he is made aware that an unexpected sentence is going to be imposed. Id.[1] We explained in *Lambros* that, "[o]therwise, defense counsel merely has to allege that the defendant's plea was induced by some underlying 'mistaken belief' that the defendant would receive probation and the plea would be vacated." Id.

{¶ 16} The record in the present case, as in *Lambros*, refutes appellant's contention that his plea was induced by a promise of a particular sentence. At appellant's plea hearing the trial court reviewed the potential penalties associated with

---

[1] See, also, *State v. Palatas* (May 12, 1995), Montgomery App. No. CA 14735, citing our decision in *Lambros* and refusing to allow the withdrawal of a plea under similar circumstances.

charges to which appellant plead guilty. The court specifically explained that the "worst case scenario" appellant faced, "could be five years on each count, could be a total of ten years of incarceration if the court gave you maximum consecutive sentences." Not once, but *twice* during the plea hearing the court asked appellant if he had been promised anything to change his plea and appellant responded no. Specifically in regards to the potential sentence of probation, the following exchange occurred:

{¶ 17} THE COURT: "Mr. Watson, do you have any questions of me at all, the waiving of your trial rights, the potential penalties you face, any questions about the imposition of sentence, whether its community control sanctions or a term of incarceration, is there anything at all you don't understand?"

{¶ 18} APPELLANT: "I would like to know about am I eligible for probation [sic]?"

{¶ 19} THE COURT: "They're both felonies of the third degree, there's no recommendation for incarceration * * * it's what's called non-presumption. I hear all the evidence at the time of sentencing and make a determination with respect to that. So yes, I guess your question is answer by yes, you're someone that qualifies for a community control sanction. At the time of sentencing I'll have your pre-sentence report, I'll hear from the state of Ohio, I'll hear from your lawyer and then from yourself before I impose any type of either community control sanction or incarceration. Does that answer your question?"

{¶ 20} APPELLANT: "Yes, your honor."

{¶ 21} In discussing appellant's motion to withdraw his plea, appellant's counsel further admitted that appellant's plea was, "a calculation on his part based upon what I had indicated to him was what I thought was *likely to occur* at sentencing." (Emphasis added). The trial court refuted any allegation of an agreement in regards to appellant's sentence and appellant's counsel affirmed the court's statement. Appellant himself presented no testimony or evidence to suggest he was promised probation.

{¶ 22} It is clear from the record that appellant was fully apprised of the court's procedure in reaching an appropriate sentence and that appellant entered his plea based on a calculation as to his likely sentence. The record does not include any evidence demonstrating that appellant had a reasonable and legitimate basis for his motion. Only when appellant learned, subsequent to his plea, that probation was a less likely sentence than he had anticipated did he seek to withdraw his plea. On these facts we cannot say that the trial court abused its discretion in denying appellant's motion to withdraw his plea.

{¶ 23} Appellant's sole assignment of error is overruled.

{¶ 24} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this

judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
KENNETH A. ROCCO, J., CONCUR